The Western Assurance Company *v.* Williams.

1. The original declaration contained enough to amend by, and there was no error in allowing the amendment.

2. The consent of a fire insurance company, given, whether in writing or in parol, by its duly authorized agent, and acted upon by the insured, that the goods insured might be moved into another building without vitiating the policy, is, if sufficiently proved, binding upon the company notwithstanding stipulations in the policy that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions

or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." The evidence that the agent was duly authorized would, however, have to be such as to show that he had express authority in the given instance to represent the company in giving its consent otherwise than in the manner provided for in the policy, or that an implied authority so to do might rightly be inferred from some previous course of dealing in like cases by the agent with the company's knowledge and assent, manifested by ratification or otherwise.

July 16, 1891.

Action on fire policy. Before Judge EVE. City court of Richmond county. November term, 1893.

The opinion states the allegations of the declaration and the terms of the policy sued on, so far as material. The grounds of demurrer were : Plaintiff sets out no cause of action, but is seeking to recover upon a contract different from that contained in the policy. He does not aver that he has complied with the conditions of the policy, or that he has made any proof of loss as required by its terms. The city court (where the suit was brought) has no jurisdiction, for if any cause of action is set out it is an equitable cause. It is not alleged that the premium was the same upon the property insured at number 313 Fifth street, as it was at the storehouse to which it was removed, nor that the removal did not materially increase the risk of the company ; nor that the consent to the removal was made in writing, nor that it was indorsed upon or attached to the policy, nor what was the writing claimed to have been entered on the company's books, granting permission to remove the goods ; nor that the company made any contract with plaintiff to insure his goods at the storehouse where they were burned.

WILLIAM K. MILLER, for plaintiff in error.

C. HENRY COHEN, *contra.*

v 94-9

SIMMONS, Justice.

1. Williams held a policy of insurance from the defendant upon certain household and kitchen furniture and other personal goods situated in his dwelling-house, No. 313 Fifth street, in the city of Augusta. On August 20th, 1892, he called on an agent of the defendant and informed him that he was temporarily abandoning housekeeping and desired to move his furniture etc., covered by this insurance, to a certain storehouse in Augusta. The agent told him he could move the furniture as desired; that he would so enter it on the books of the company, and he (Williams) could consider the transfer as made and bring his policy to him at some future time and he would make the entry thereon. On August 27th thereafter the property was entirely destroyed by fire. On the next day after the fire he called upon the agent and asked for the insurance papers to prove his loss, and was informed by the agent that the defendant denied all liability under the policy. He thereupon brought his action against the company for $1,000, the amount of the insurance. His declaration was demurred to on various grounds, which are set out in the official report, and he amended the declaration by alleging that the agent granted him written permission to move the goods to the storehouse in which they were situated when burned; that in performance of and in pursuance of said contract with the agent, he removed the goods; that before attempting to remove them he received the consent of defendant, through its duly authorized agent, to the removal; and that in performance and pursuance of the parol contract as aforesaid, and relying solely upon the consent of defendant and of the contract of defendant, he removed them. The demurrer was renewed and overruled, and the defendant excepted.

There was no error in allowing the amendment. The

original declaration contained sufficient allegations to authorize the amendment. It did not add a new cause of action nor change the common law action for damages into an equitable proceeding. The effect of the amendment was simply to allege that the contract for the removal of the goods was in writing, and that the agent was duly authorized to make it.

2. The policy stated that the insurance was upon the property described " while located and contained as described herein, and not elsewhere." It was contended on the part of the defendant that the agent had no authority to consent to the removal of the property unless such consent was indorsed upon the policy, it being stipulated in the policy that " no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." Although this clause of the policy excludes any inference that the powers of the agent extend to the waiver of conditions contained in the policy, except in the mode prescribed therein, yet it may be shown that such authority was in fact granted; and the waiver, whether in writing or parol, when given by a duly authorized agent and acted upon by the insured, is, if sufficiently proved, binding upon the company, notwithstanding the stipulations above quoted. This clause puts the insured upon notice that the agent has no authority to waive a condition of the policy except in writing, attached to the policy, and

the insured would therefore have no right to rely upon any waiver not made in that manner, unless it could be shown that the company did in fact authorize the agent to make the waiver otherwise.    To establish such authority on the part of the agent, the insured would have to show that it was expressly granted by the company in the given instance, or would have to show some previous course of dealing in similar cases by the agent with the company's consent, manifested by ratification or otherwise.    The declaration in this case, as we have seen, alleges that the consent of the company to the removal of the furniture was given through its "duly authorized" agent.    The declaration, it is true, does not explain how this authority was given, but we think the allegation of authority is sufficient.    Taking all the allegations of the declaration together, we think the court did not err in overruling the demurrer.    On this subject see: Richards on Insurance, pp. 81, 92, 94, 95, 194; Biddle on Insurance, p. 1081; May on Insurance, §137.    The ruling in *Carrugi* v. *Insurance Co.*, 40 *Ga.* 135, that a consent by the agent which the policy required should be in writing, could be shown by parol, was based upon the assumption that the agent had authority to make the consent.    There was no stipulation in that case limiting the authority of the agent, as this policy does. The stipulation which the court had under consideration related simply to the manner in which the consent should be evidenced, and did not say that agents should have no power to give such consent otherwise than in the manner provided by the policy.

*Judgment affirmed.*