### 5369.   BLACK v. FIDELITY-PHENIX FIRE INSURANCE COMPANY.

1. Where a policy. insuring against loss of certain personal property by fire stipulates that the property is insured "while located and contained as described herein, and not elsewhere," and states that it is contained in a described building, and the property is removed to a different place and is there burned, and it does not appear that any authorized agent of the insurer consented to the removal, the insured is not entitled to recover on the policy.
2. The court did not err in sustaining a general demurrer to the petition.
                    DECIDED APRIL 30, 1914.

Action on insurance policy; from city court of Blakely—Judge Sheffield.   November 24, 1913.

*Rambo & Wright,* for plaintiff.   *A. H. Gray,* for defendant.

WADE, J.   L. E. Black Sr. brought suit against the Fidelity-Phenix Fire Insurance Company of New York, alleging that the defendant issued to him a policy of insurance against loss by fire, covering certain household furniture, including pictures, engravings and their frames, beds and bedding, linen, wearing-apparel, plate, plated ware,·printed books, crockery, glass and chinaware, kitchen utensils, watches, and jewelry, one pianoforte, one organ, one sewing-machine, and fuel, located in house No. 413. on the south side of River street, in Blakely, Ga.; that after the issuance of the policy, the plaintiff, being seriously ill, was removed from his residence, 413 River street, to the home of his daughter, on-the

same side of the street and distant two doors therefrom, and that at the same time certain property covered by the policy was moved with him for his use; that after the removal the home of his daughter was destroyed by fire, and the following property covered by the policy totally destroyed in the fire, to wit: one bed and bedding and springs, $35; wearing-apparel consisting of suits of clothes, shoes, hats, etc., $60; one Singer sewing-machine, $60; two sets of chairs, $24; one set of silverware, $25; cut glass, $20; provisions, $25; center table, $3. A copy of the policy was attached to the petition. The policy appears to be in the standard form, and states in its first paragraph that L. E. Black Sr. is thereby insured "against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding $750, to the following described property *while located and contained as described herein, and not elsewhere.*" A rider attached to the policy describes the property insured, and after the description the following words appear: "while contained in one-story frame shingle-roof building kept by assured as a family residence, situated No. 413 on the south side of River street in Blakely Ga." The case came to this court on exceptions to a judgment dismissing the petition on general demurrer.

The controlling question in this case is whether the removal of personal property, covered by a policy of insurance, which stipulates that the articles are insured "while located as described herein, and not elsewhere," would void the policy. It has been often decided that location is generally material to the contract of insurance, and of the very essence of the risk, since with varying location the risk is apt to vary, and at all events insurers have the right to know the exact nature of the risk they are assuming, as they might decline a risk because of the amount of insurance already placed upon the building to which the property is removed, or upon its contents. "If the policy provides, as does the New York standard policy, that articles are insured 'while located as described herein, and not elsewhere,' the insurance terminates upon the removal of the subject-matter of the policy." 19 Cyc. 741. "It is now, . . provided in most of the standard policies that the insurance is against loss to the property 'while located and contained as described herein, and not elsewhere.' . . This stipulation has been held sufficient to confine the insurance to the property while in the location de-

scribed, though by its nature and use (in the particular case, it having been a village fire apparatus) it was subject to be temporarily taken therefrom (Village of L'Anse *v.* Fire Association of Philadelphia, 119 Mich. 427, 78 N. W. 465, 43 L. R. A. 838, 75 Am. St. Rep. 410). Governed by the same principle are several other cases, in which the limiting clauses were essentially the same as the standard form, though differing in phraseology. Under such provisions even a temporary removal of the property in its ordinary and customary use will leave it unprotected. Thus, no recovery can be had for property insured 'while' in a certain building, if in fact it was destroyed in another building." 1 Cooley's Briefs on the Law of Insurance, 740-41; citing Green *v.* Liverpool &c. Ins. Co., 91 Iowa, 615 (60 N. W. 189) ; Eaton *v.* Phœnix Ins. Co., 15 Ky. Law Rep. 441; Haws *v.* St. Paul Fire & Marine Ins. Co., 130 Pa. 113 (15 Atl. 915, s. c. 18 Atl. 621, 2 L. R. A. 52).

In the case of *Simonton* v. *Liverpool &c. Insurance Co.*, 51 *Ga.* 77, the court held, that where one had a policy of insurance on a stock of merchandise in a certain building, and removed the goods to another house with the oral consent of the agent of the company, he could not recover under the policy for a subsequent loss by fire. The principal question apparently involved in that decision was whether a written contract of insurance could be altered by a subsequent agreement not in writing, and the fact that the policy was voided by the removal of the articles insured does not seem to have been questioned. In *Western Assurance Co.* v. *Williams,* 94 *Ga.* 128 (21 S. E. 370), it was held that such a policy would not be vitiated if it be sufficiently proved that consent to the removal of the insured property was given by a duly authorized agent of the company, and this consent was acted upon by the insured, notwithstanding a stipulation in the policy itself that no officer or agent of the company should have the power to waive any condition in the policy.

Counsel for the plaintiff in error insist that in any event the general demurrer should not have been sustained, since it appeared that some of the articles covered by the policy of insurance, which were alleged to have been lost by fire, consisted of certain wearing apparel, to wit: "suits of clothes, shoes, hats, etc.," valued at $60. It does not appear whether any of the clothes, shoes, hats, etc.,

were injured by fire while actually on the person of the plaintiff. Counsel relied upon the case of McClure *v.* Girard Fire and Marine Insurance Co., 43 Iowa, 349 (22 Am. R. 249), and the case of Noyes *v.* Northwestern National Insurance Co., 64 Wis. 415 (25 N. W. 419, 54 Am. R. 631), to support their contention that the clothes, shoes, hats, etc., were by their very nature articles which must of necessity be worn sometimes away from the dwelling, and that hence we must conclude that the parties to the contract intended the clothing to be used in the ordinary way, away from the dwelling. In the case of McClure *v.* Girard Fire and Marine Insurance Co., supra, the policy was on a carriage described as "contained in a frame barn, situated," etc. The carriage was destroyed elsewhere, but the court held that the loss was covered by the policy, since the very nature of the property showed that its removal from place to place must have been contemplated by the parties to the contract. In the case of Noyes *v.* Northwestern National Insurance Co., supra, a sealskin garment, insured against fire by a policy describing it as "contained in" a dwelling-house, was burned while at a furrier's shop for repairs; and it was held that the insurer was liable, although the risk was greater at the shop than at the house. Lyon, J., in the opinion in that case, said that the sealskin dolman was "a garment for out-door wear, and necessarily would be chiefly used away from the designated dwelling-house. It would or might be necessary from time to time to send it to a furrier for repairs; and it was liable to be burned when so absent from the place of deposit. It must be presumed that the parties entered into the contract of insurance in contemplation of these incidents, for they are matters of common knowledge." In the case of Longueville *v.* Western Assurance Co., 51 Iowa, 553 (2 N. W. 394, 33 Am. Rep. 146), the court said: "Wearing apparel, when used, must of necessity be worn sometimes away from the dwelling. We must infer that the parties to the contract intended the apparel to be used, and hence intended it to be used sometimes away from the dwelling. Of course the use of the apparel away from the dwelling must be an ordinary use, *and the dwelling must be the place of deposit for the apparel when not in use.* The policy, therefore, does not contemplate that the insured may take a journey or sleep away from his dwelling; thus, when the apparel is not worn, keeping it in a place of deposit other than his own dwelling." In that case the

damage to the personal apparel covered by a policy of insurance occurred while the insured was actually wearing the apparel away from the insured premises; and it was held that the policy covered the loss.

It seems, from a careful study of these decisions and other authorities, that if the loss or damage to clothing covered by the policy of insurance had occurred when the insured was actually wearing the clothing away from the house where it was "located" by the terms of the policy, a recovery could be had for the amount of the damage, since the obvious purpose in having apparel is for wear, not only when in and around the premises described in the policy of insurance, but wherever the business or pleasure of the insured might legitimately and properly take him; but where it does not appear from the plaintiff's petition that the clothing alleged to have been injured or destroyed was actually on his person at the time of its injury or destruction, but it appears that the clothing was at that time stored or deposited at a place other than the place described in the policy of insurance, which states that it is insured "while located and contained as described herein, and not elsewhere," no recovery can be had for the loss.

The plaintiff in error insists that if he was entitled to recover the value of the wearing apparel destroyed, the general demurrer should not have been sustained, even though it be held that the removal of the furniture and other articles named in the policy voided it so far as the protection from loss of those articles is concerned; and this proposition is undoubtedly correct, under the ruling of this court in the case of *Douglas, Augusta & Gulf Railway Co.* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600). Under the ruling herein made, however, the entire policy was voided by the removal of the personal property therein described; and hence the principle referred to does not apply. So far as concerns the furniture and articles other than clothing, mentioned in the policy of insurance, it seems to be well settled by the general weight of authorities in the various States, as well as inferentially held in the cases in 51 *Ga.* and 94 *Ga.*, supra, that the removal thereof from the original location, where the policy contains the words hereinbefore mentioned, would absolutely destroy the protection afforded thereby, or void the policy as to the property so removed, in the absence of proper consent from an authorized agent or officer of the company.

In view of the ruling herein made, it is unnecessary to discuss the question whether the proofs of loss submitted complied with the requirements set forth in the policy or fixed by law.

*Judgment affirmed. Roan, J., absent.*