### 8236. Ellis, sheriff, v. Spell.

BLOODWORTH, J. Where there is a motion for a new trial and no error of law has been committed, and only questions of fact are involved, "the presiding judge may exercise a sound discretion in granting or refusing a new trial." Civil Code (1910), § 6087. But this court has no such discretion. Where no error of law has been committed, the court can not interfere unless the trial judge has abused the discretion given him by the law. Where the jury has passed upon a question of fact, and this only is involved, it is the fixed policy of this court not to interfere

with the verdict if there is any evidence to support it. *Wilson* v. *Barnard,* 10 *Ga. App.* 99 (8) (72 S. E. 943); *Randall* v. *Bell,* 12 *Ga. App.* 614 (77 S. E. 1132). It is well settled also that "the first grant of a new trial will not be disturbed unless it appears 'that the judge abused his discretion in granting it, and that the law and facts required the verdict notwithstanding the judgment of the presiding judge.' Civil Code, § 6204." *Stalnaker* v. *Beach,* 18 *Ga. App.* 172 (88 S. E. 99); *Southern Fertilizer &c. Co.* v. *Peacock,* 19 *Ga. App.* 592 (91 S. E. 928). This principle in reference to the first grant of a new trial is applicable when the grant is conditional and the condition is not complied with. *Harris* v. *Central R. Co.,* 103 *Ga.* 495 (30 S. E. 425); *Wood* v. *Southern Express Co.,* 95 *Ga.* 451 (22 S. E. 535).

　　　*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED JUNE 18, 1917.

Money rule; from Jeff Davis superior court—Judge Highsmith. March 25, 1916.

*S. D. Dell,* for plaintiff in error.

*Bennett & Swain,* contra.