9473.   INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA v. EUBANKS.

The verdict not being demanded by the evidence, the grant of a first new trial will not be disturbed.

DECIDED FEBRUARY 20, 1919.

Certiorari; from Fulton superior court— Judge Pendleton. November 30, 1917.

Dorsey, Shelton & Dorsey, for plaintiff in error.

Moore & Branch, contra.

BLOODWORTH, J. This case comes to this court upon exceptions to the first grant of a new trial. In Weinkle v. Brunswick & Western R. Co., 107 Ga. 367 (33 S. E. 471), the Supreme Court said: "It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence, or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first

new trial." See also *Ellis* v. *Spell*, 20 *Ga. App.* 347 (93 S. E. 49); *Southern Fertilizer & Chemical Co.* v. *Peacock*, 19 *Ga. App.* 592 (91 S. E. 928), and cases cited. The judge of the superior court, in the exercise of his discretion, thought best to send the case back to the municipal court for a new trial; and this court will not interfere.

*Judgment affirmed. Stephens, J., concurs. Broyles, P. J., dissents.*

STEPHENS, J. This being the first grant of a new trial and the verdict not being demanded by the law and the evidence, I concur in the judgment of affirmance. There was evidence from which it might be inferred that the agent of the insurance company, by virtue of his previous dealings in similar transactions, with the company's consent or ratification, had authority to waive a written stipulation in the policy. *Western Assurance Co.* v. *Williams*, 94 *Ga.* 128 (21 S. E. 370).

BROYLES, P. J., dissenting. In my opinion the evidence demanded the verdict directed by the trial judge, and the judge of the superior court erred in sustaining the certiorari.