21794. Hynds v. Farmers Mutual Insurance Association.

Stephens, J. 1. Where a policy of fire insurance, issued by a mutual co-operative insurance association, provides that by acceptance of the policy the insured becomes a member of the association and agrees to be bound by a by-law of the association, quoted therein, which provides that "the association will not be liable for loss by fire of any dwelling in which seed-cotton, loose lint cotton, . . is stored," and that "any violation of this by-law, by any member, or allowed or permitted by any member, shall at once make the policy void, and release the association from liability on account of fire loss to the house or contents thereof," the policy is of no force and effect if at the time of the destruction by fire of a building insured by the policy loose lint cotton is stored in the building, although stored by a tenant of the insured without the insured's knowledge or consent. Liverpool & London Ins. Co. v. Gunther, 116 U. S. 113 (6 Sup. Ct. 306, 29 L. ed. 575) ; Edwards v. Farmers Mutual Ins. Asso., 128 Ga. 353 (57 S. E. 707 (12 L. R. A. (N. S.) 484, 119 Am. St. R. 385, 10 Ann. Cas. 1036) ; Diehl v. Adams County Mutual Ins. Co., 58 Pa. 443 (98 Am. D. 302) ; Long v. Beeber, 106 Pa. St. 466 (51 Am. R. 532). The policy unequivocally provides for non-liability for loss by fire of any building in which loose lint cotton is stored, and makes no reference to whether the cotton was stored by the member of the association or by some other person. Construed in the light of this provision of the policy, the clause in the policy which provides that "any violation of this by-law by any member, or allowed or permitted by any member, shall at once make the policy void," etc., is not ambiguous, and therefore is not susceptible of the construction that the violation of the by-law by the storage of cotton in the insured building must be by a member of the association only, or by some one with the knowledge or consent of the member of the association.

2. Where at the close of the plaintiff's evidence on the trial of a suit on such a policy, to recover for the loss by fire of a dwelling house, it appared without dispute that at the time of the fire there was loose lint cotton on the porch of the house, stored there by the plaintiff's tenant, although without the knowledge or consent or permission of the plaintiff, the court did not err in awarding a nonsuit.

Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.

Decided September 23, 1932.

Lamar C. Rucker, A. M. Kelly, for plaintiff.
H. C. Cox, for defendant.