1. The question presented for determination in this case is exactly the same as that determined in the case of Life Casualty Insurance Co. v. McLeod, ante, and consequently this case is controlled by the decision in that case.
2. The court did not err in overruling the plaintiff's motion for a new trial
Judgment affirmed. Stephens, P. J., and Felton, J.,concur.
 DECIDED NOVEMBER 20, 1943. *Page 191 
The plaintiff, as beneficiary, sued the defendant upon a policy of life insurance issued on the life of Marvin Z. Lindsey. The case was submitted to the trial judge for determination, without the intervention of a jury, upon the following agreed statement of facts: "That on the 29th day of February, 1932, the defendant issued a policy of insurance to Marvin Z. Lindsey and that the beneficiary in said policy was his mother, Mrs. Vinie Lindsey; that said policy was for the principal amount of two hundred twenty eight ($228.00) dollars, and also contained a clause for double the death benefit in case of accidental death, a copy of said policy is attached to this agreement and by reference made a part hereof.
"We further agree that said policy contained the following clauses: (A) Military or naval Service. The insured may serve in the navy or army of the United States or in the National Guard in time of peace, or for the purpose of maintaining order in case of riots; in time of actual war, however, a written permit must be obtained from the company for such service and an extra premium paid. Should the insured die while enrolled in such service in war time without such permit, the company's liability would be restricted to the net reserve on this policy.
"(B) Accidental Death Benefits. After providing for double indemnity in case the insured, while between the age of ten years and seventy years, if the insured receives bodily injury solely through external, violent, and accidental means, resulting directly and independently of all other causes, within ninety days from the date of such bodily injuries, in the death of the insured, the company would pay an accidental death benefit equal to the face amount of the policy, it provides as follows: `No accidental death benefit will be paid if the death of the insured is the result of self-destruction, whether sane or insane, nor if death is caused or contributed to directly or indirectly or wholly or partially by disease or by bodily or mental infirmities, nor if death results from bodily injuries while participating in aviation or aeronautics as a passenger or otherwise, or while the insured is in the military service in time of war.'
"We further admit that on the 6th day of December, 1942, at about five o'clock a. m., Marvin Z. Lindsey, the insured, was driving *Page 192 
along Peachtree Road in Fulton County just south of the line between Fulton and DeKalb Counties, when the automobile which the insured was driving got out of control and hit a pole, which demolished the car, and, as a result, the said Marvin Z. Lindsey was instantly killed. That the insured at that time was between the ages of ten and seventy years of age, that the policy was in force, in that, the regular premium had been paid on the policy, but that no written permit had been obtained from the company for the insured to serve in time of war, and that no extra premium had been paid, and that at the time of the death of the insured the United States was engaged in actual war and the insured was enrolled in the military service without such permit. That the insured's death was an accidental death as provided by the terms of the policy. That the insured was enrolled in the military service in the army of the United States, his station being Camp Blanding, Florida; but that at the time and on the date of the death of the insured, he was on a fourteen-day leave of absence from his station, and was visiting his parents in Atlanta, Georgia. And being on the roll of the army of the United States did not in any way contribute to his accident and resulting death.
"We further agree that proofs of claims have been filed and that the net reserve on the policy is the sum of $42.61, which sum the company, the defendant, offered to pay to the plaintiff and that payment has been refused and that the company, the defendant, has denied any liability in excess of this amount."
The judge entered a judgment in favor of the plaintiff against the defendant for $42.81, the net reserve on the policy, and costs of court. The plaintiff's motion for a new trial, based solely on the general grounds, was overruled, and the exception here is to that judgment.