### 22460. HARTFORD ACCIDENT & INDEMNITY COMPANY v. HULSEY.

CANDLER, Justice. Newt Hulsey attended a social event on July 4, 1960, which was sponsored by and held on the grounds and premises of the Walker Mountain Camp No. 565, Woodmen of the World Lodge in White County. Among the events of the day was a horse race. One of the horses bolted, ran into the crowd and injured Hulsey. He sued the insured lodge, obtained a judgment and now seeks to recover the amount of his judgment from Hartford Accident & Indemnity Company which had issued to the lodge a policy of liability insurance,

a complete copy of which policy is attached to and made a part of his petition. The insurer demurred generally, contending that the terms of the policy disclosed that there was no coverage afforded thereby for the event which formed the basis of Hulsey's judgment. The body of the policy provides that the insurer would pay on behalf of the insured all such sums as it might become legally obligated to pay in consequence of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto and following this definition of hazards is one which provides: "This policy does not apply . . . (1) to the . . . use . . . of draft or saddle animals . . . if the accident occurs away from the premises. . ." The record clearly shows that a rider or endorsement was attached to and expressly made a part of the policy at the time of its issuance which provides: "It is agreed that such insurance as is afforded by the policy applies with respect to the premises and operative within the scope of any classification stated in the Schedule hereof or *designated in the policy as subject to this endorsement,* subject to the following provisions: 1. The insurance does not apply: (a) to the . . . use of . . . saddle animals, including saddle animals rented to others through the named insured, whether on or away from the premises owned by, rented to or controlled by the named insured unless such . . . saddle animals are specifically described in the Schedule and a premium is charged therefor." The policy shows that no saddle animals were listed or described in the schedule and that no premium was charged for the use or employment of them on the insured premises. The trial judge overruled a general demurrer to Hulsey's petition and the Court of Appeals affirmed that ruling. A petition for the writ of certiorari to this court assigning error on that ruling was granted. *Held:*

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." *Code Ann.* § 56-2419. Since the petition in this case clearly shows that the injury which Hulsey sustained and for which he obtained a judgment against the insured is not covered by the liability policy which the insurer issued to the insured lodge, it fails

to state a cause of action for the relief sought, and the Court of Appeals therefore erred in sustaining the judgment rendered by the trial court.

*Judgment reversed. All the Justices concur, except Head, P. J., and Mobley, J., who dissent.*

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964— REHEARING DENIED SEPTEMBER 28, 1964.

*Wheeler, Robinson & Thompson, B. Carl Buice,* for plaintiff in error.

*Telford, Wayne & Greer, Charles Dent Bostick,* contra.