## 41954. GRIGSBY et al. v. HOUSTON FIRE & CASUALTY INSURANCE COMPANY.

Eberhardt, Judge. The plaintiffs brought suit on a standard aviation insurance policy for property damage to their aircraft as a result of a crash landing. Defendant denied coverage under the policy. From the refusal to grant a directed verdict

in favor of the plaintiffs, and the granting of a directed verdict in favor of the defendant, the plaintiffs appeal.

1. As the policy provided that it "does not apply . . . to loss while the aircraft is in flight by or with the permission of the insured during or as the result of its operation: . . . (4) in violation of any regulations pertaining to Airman's Certificates," damage to the aircraft sustained while the aircraft was in flight with the permission of the insured in violation of regulations pertaining to Airman's Certificates was expressly excluded from the coverage of the policy. The policy, construed according to the entirety of its terms and conditions (*Code Ann.* § 56-2419), was clear and unambiguous and not susceptible to the construction placed upon it by the appellants that knowledge of the violation of regulations pertaining to Airman's Certificates as well as knowledge of the flight was a prerequisite to exclusion of the loss from coverage. *Edwards v. Farmers Mut. Ins. Assn.*, 128 Ga. 353 (57 SE 707); *Westchester Fire Ins. Co. v. Bell,* 151 Ga. 191 (106 SE 186); *Johnson v. Mutual Life Ins. Co. of New York,* 154 Ga. 653 (3) (115 SE 14); *Hartford Acc. &c. Co. v. Hulsey,* 220 Ga. 240 (138 SE2d 310); *Black v. Fidelity-Phenix &c. Co.,* 14 Ga. App. 510 (81 SE 584); *Mattox v. New England Mutual &c. Co.,* 25 Ga. App. 311 (103 SE 180); *Railey v. United Life &c. Co.,* 26 Ga. App. 269 (1) (106 SE 203); *Hynds v. Farmers Mut. Ins. Assn.,* 45 Ga. App. 751 (165 SE 839); *Life & Cas. Ins. Co. v. McLeod,* 70 Ga. App. 181 (27 SE2d 871); *Lindsey v. Life & Cas. Ins. Co.,* 70 Ga. App. 190 (27 SE2d 877); *Union Central Life Ins. Co. v. Fulton Nat. Bank,* 74 Ga. App. 844 (41 SE2d 789); *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (131 SE2d 834).

2. A provision in the policy that the aircraft should be piloted only by the named insureds or a qualified private or commercial pilot with a minimum of 200 logged hours as a pilot in command of aircraft, 10 hours of which must have been in a Cessna 172 or aircraft of similar type, and who has a valid and effective pilot certificate with proper rating as required by the Federal Aviation Agency for the flight involved, is a valid and binding one.

3. An exclusion in the policy providing that it does not apply to the coverages specified when the insured operates or permits the aircraft to be operated, in violation of Federal Aviation Agency regulations, is a valid provision of the contract, and

where the insured aircraft was operated by a pilot who, contrary to the regulations, had failed to make the required number of take-offs and landings within 90 days preceding the flight on which the claimed damage resulted, and did not have a current medical certificate, there was no coverage under the policy for damage resulting from a forced or crash landing. Electron Machine Corp. v. American Mercury Ins. Co., 297 F2d 212 (1961); Lineas Aereas Colombianas Expresas v. Travelers Fire Ins. Co., 257 F2d 150; West Memphis Flying Service v. American Aviation & General Ins. Co., 215 Ark. 6 (219 SW2d 215). Accord, Bruce v. Lumbermens Mut. Cas. Co., 222 F2d 642. If the loss is not within the coverage of the policy the causal relation is not involved. It is immaterial that the excluded use may not have been the cause of the loss, nor does it matter that the insured did not know that the pilot had failed to meet the requirements of the regulations. The duty is on the insured to know that the aircraft is being operated within the regulations. Cf. Robinson v. Home Ins. Co., 73 F2d 3.

4. The insured's motion for a directed verdict of liability was properly overruled, but since a verdict was demanded for the insurer because the loss involved was not within the coverage of the policy, there was no error in directing a verdict for the defendant. Cf. *Simmons v. Watson*, 221 Ga. 765, 767 (147 SE2d 322).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED APRIL 4, 1966—DECIDED APRIL 29, 1966.

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellants.
*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, W. Wray Eckl,* for appellee.

