**INSURANCE COMPANY OF NORTH AMERICA, Petitioner,**

**v.**

**Ben A. CASH, d/b/a Sportsman Aero Service, Respondent.**

**No. B–2742.**

Supreme Court of Texas.

Dec. 8, 1971.

Rehearing Denied Feb. 16, 1972.

Thompson, Knight, Simmons & Bullion, John A. Mackintosh, Jr., Dallas, for petitioner.

Locke, Purnell, Boren, Laney & Neely, John L. Shook and Ben Henderson, Dallas, for respondent.

McGEE, Justice.

Insurance Company of North America filed this action against Ben A. Cash, d/b/a Sportsman Aero Service, to recover on a note. Cash filed a cross action to recover proceeds of a policy of aircraft insurance covering an amphibious aircraft which crashed. The trial court granted summary judgment on the note in favor of Plaintiff which action is not in dispute on appeal. The trial court also denied summary judgment in favor of the Cross-Defendant insurance company while granting Cash's summary judgment counterclaim to recover under the policy. The Court of Civil Appeals affirmed. Tex.Civ.App., 465 S.W.2d 846. We affirm the judgments of the courts below.

Cash notified Petitioner of the crash on January 19, 1969 and submitted a proof of loss to Petitioner on March 7, 1969. T. D. Brown was piloting the aircraft at the time of the crash. This proof was not accepted by Petitioner and Respondent's claim for insurance proceeds for physical damage to the airplane was denied on the ground that T. D. Brown was not an insured pilot within the terms of the "Pilot Endorsement" contained in the policy.

The Court of Civil Appeals erred in affirming the trial court's summary judgment for Respondent on the ground that Petitioner's pleadings did not meet the minimum requirements to substantially comply with Rule 94, Texas Rules of Civil Procedure, in order to raise its defense under the "Pilot Endorsement." The Court of Civil Appeals should have remanded the cause if the pleadings were insufficient. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956).

Respondent attached a copy of the entire policy to its cross action as an exhibit and referred to the "Pilot Endorsement" in its pleadings. Petitioner specifically referred to the "Pilot Endorsement" in its trial amendment allowed by the trial court before the final judgment was entered. We hold that the "Pilot Endorsement" was put in issue as a defense to Respondent's counterclaim by Respondent's pleadings which anticipated this defense.

We must determine if there is any other ground which would require affirmance in the Court of Civil Appeals. City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex.Sup.1970). Careful review of all the record and arguments in the briefs reveals no dispute whatsoever as to any fact issue. The Court of Civil Appeals should have affirmed on the other ground supporting the trial court judgment, namely that the

"Pilot Endorsement" did not defeat Cross-Plaintiff's right to recover policy proceeds. The only issue before the courts below and the only issue before us is the interpretation of the "Pilot Endorsement."

The "Pilot Endorsement" in the policy read as follows:

"It is agreed that coverage provided by this policy with respect to any aircraft specifically and individually described therein shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is a person named below, or a person meeting the qualifications set forth below:"

Immediately below this portion of the printed form was typed:

"Ben A. Cash"
(Following 29 typing lines or 4½ inch blank).

The printed form then resumed by stating:

"Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated."

Reviewing cases dealing with similar pilot endorsement coverages reveals that the practice in all instances brought to the attention of this Court is to provide for specific pilots and others equally as qualified to operate the aircraft. Schwab v. Ranger Insurance Co., 438 S.W.2d 121 (Tex.Civ. App.1969, n. w. h.); Electron Machine Corporation v. American Mercury Insurance Company, 297 F.2d 212 (5th C.A. 1961); Paul Grigsby v. Houston Fire & Casualty Insurance Co., 1966, 113 Ga.App. 572, 148 S.E.2d 925; Roberts v. Underwriters at Lloyds, London, U.S.Dist.Ct., S.D. Idaho 1961, 195 F.Supp. 168; Peerless Ins. Co. v. Sun Line Helicopters, Inc., District Court of Appeal of Florida, 3rd Dist. 1965, 180 So.2d 364; Powell Valley Electric Co-op., Inc. v. United States Aviation Underwriters, Inc., Civ.App. No. 680, U.S.Dist.Ct., W.D.Va.1959, 179 F.Supp.

616; Fireman's Fund Insurance Company v. Mrs. Dorothy F. McDaniel, U.S.Dist. Ct., N.D. Mississippi, E.D., 1960, 187 F. Supp. 614; Petro v. Ohio Casualty Ins. Co., U.S.Dist.Ct., S.D.Calif., D.C., 1950, 95 F.Supp. 59; and Weissman v. Prashker, 1961, 405 Pa. 226, 175 A.2d 63. In the case at bar, apparently the insurance company chose not to contract in the usual manner. To give credence to Petitioner's argument, the last nine words of the "Pilot Endorsement" must be totally disregarded.

A pilot endorsement limiting coverage to named individuals is found in Powell Valley Electric Co-operative, Inc. v. United States Aviation Underwriters, Inc., supra. In *Powell*, the policy read:

" * * * shall apply *only* while the aircraft is being operated by John J. Ryan, commercial certificate No-1248550 with proper rating as required by the C.A.A. for the flight involved." (Emphasis added).

No case is cited nor was one found to support Petitioner's contention that by typing "Ben A. Cash" under the printed endorsement limited coverage to those times the aircraft was piloted by Cash.

■ The "Pilot Endorsement" provides coverage in two situations; they are: (1) the pilot is a person named below, and (2) the pilot is a person who meets the qualifications set out below. Strictly construed, the second provision would not defeat coverage because the maker of the contract failed to set out any qualifications in the ample space provided in its own printed form. At best, the insurance company restricted coverage to those of similar or superior qualifications to the "person named below." We so construe the contract to mean coverage extended to Ben A. Cash and others at least as well qualified by recognized C.A.A. standards to pilot the aircraft. T. D. Brown unquestionably had these qualifications because of his commanding superiority as a pilot as evidenced

by his multiple licenses, ratings, and experience shown in the record. T. D. Brown, a licensed flight instructor, taught Ben A. Cash to pilot aircraft of this type.

As distinguished from automobile liability and other types of insurance coverage over which the Insurance Commissioner has control, the Insurance Commissioner has control over neither the policy provisions nor the premiums charged in aircraft hull coverage. Each policy is a separate and distinct contract not necessarily drawn similar to another. In this circumstance, the contract was not drawn pursuant to the Insurance Commissioner's approval of a form contract. The form was printed by the insurance company to be used at its own discretion in whole or in part.

Printed form contracts are to be construed most strongly against the insurer. Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953). We find the Petitioner's aircraft policy issued to Respondent and in force during January, 1969, did cover the physical damage loss sustained by Cash's amphibious aircraft which crashed in Lake Tawakoni on January 7, 1969 while being piloted by one T. D. Brown.

We affirm the judgments of the courts below.

CALVERT, Chief Justice (dissenting).

As pointed out in the majority opinion, the question to be decided is whether Ben A. Cash is entitled to recover on a policy of insurance for damage to an airplane which crashed while being piloted by one T. D. Brown. Treated by the parties as controlling is a "Pilot Endorsement" which is attached to the policy and provides:

"It is agreed that coverage provided by this policy with respect to any aircraft specifically and individually described therein shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is a person named

below, or a person meeting the qualifications set forth below:

Ben A. Cash

[4½ inches of blank space.]

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated."

The name "Ben A. Cash" is typed. All of the rest of the endorsement quoted is a printed form.

It is apparent from the endorsement that the parties had "agreed" that coverage was not afforded in the circumstances present here *unless* the plane was being piloted at the time by "a person *named below*" *or* by "a person *meeting the qualifications set forth below*." The printed form was thus prepared for use if coverage was to be provided in either or both of the alternative pilot situations, and one seeking insurance had a right to decide whether he wished coverage in only one or in both of the situations. Once that decision was made, it was the duty of the insurer to complete the printed form to provide the coverage agreed upon. Positive action on the part of the insurer in completing the form by naming "a person," or by setting forth "qualifications," or both, was essential to a determination of whether coverage existed when a particular person was piloting the airplane. Thus, if the parties intended to provide coverage while the plane was being piloted by a person meeting certain qualifications equal or superior to those of Cash, and the qualifications were set forth in the space provided therefor, there would have been no need to name Ben A. Cash and thus to provide expressly for coverage when he was piloting the airplane. A different situation would be presented if Cash did not meet the qual-

ifications set forth and the parties wished, nevertheless, to provide coverage when he was piloting. Surely, in the latter situation, with Cash unnamed, the court would not hold that coverage was provided when he was piloting the plane just because he was a licensed pilot and purchased the insurance and a failure so to hold would render the first printed alternative meaningless; and, yet, that is almost the exact holding being made in this case in a converse situation.

There could well have been any number of reasons why the insurer did not set forth qualifications and thus provide coverage when some person other than Cash was piloting the plane. Perhaps the premium would have been greater and Cash preferred not to pay it. Perhaps the parties were unable to agree upon the nature and extent of the qualifications to be set forth. Perhaps the insurer was unwilling to underwrite the risk with open-end coverage based entirely on professional qualifications and with no regard for personal habits. Perhaps the parties agreed upon qualifications but the insurer negligently failed to set them forth in the endorsement. We cannot know why qualifications were not set forth because neither party has sought to tell us by affidavits, depositions or other summary judgment proofs in this summary judgment proceeding.

The court holds, nevertheless, and without any supporting evidence whatever, that the parties agreed to coverage while the plane was being piloted by any person with qualifications similar to or greater than those of Cash. Aside from the fact that with that agreement there could be no sensible reason for naming Cash, the necessary effect of the holding by the majority is that the parties agreed upon qualifications but that the insurer failed, negligently or otherwise, to set them forth in the space provided therefor. If that be the fact, the only proper way to achieve the result reached by the court is through a suit for reformation. Reformation should not be ordered in the name of interpretation or construction.

I would reverse the judgments of the courts below in so far as they award Cash a recovery on his cross action on the insurance policy and offset the same against INA's recovery on the note. In its motion for summary judgment INA sought a decree that Cash take nothing on his cross action. The motion in this respect was overruled. I would not grant the motion here inasmuch as I believe that a remand should be ordered for further development of the evidence and in the interest of justice. I would sever the cause on the cross action and would remand the same to the trial court for trial. I would modify and affirm the judgment for INA on the note, awarding a recovery for the full amount due thereon. I would then assess all costs against Cash.

WALKER, GREENHILL and STEAKLEY, JJ., join in this dissent.