### 48485. ATLANTA AIR FLEET, INC. v. INSURANCE COMPANY OF NORTH AMERICA et al.

Stolz, Judge. The plaintiff corporation (appellant) brought an action against an aircraft repair corporation and its principal stockholder and one of its employees, and against the insurer of the plaintiff's airplane, to recover for damages to the plaintiff's airplane. The aircraft crashed shortly after the defendant employee and another employee placed it in flight after having performed the maintenance and repair work thereon, for which the plaintiff had left it with the said defendants. The plaintiff appeals from the denial of its motion for summary judgment against the defendant insurer. *Held:*

1. The denial of the motion was not error. The undisputed showing on the motion was that the insurance policy in effect at the time of the loss contained an exclusion endorsement, providing in part, "that coverage provided by this policy . . . shall not apply while [the] aircraft is in flight unless the pilot in command of the aircraft is properly certificated and rated for the flight and for the aircraft . . . ";  that the pilot in command of the aircraft when it crashed, the defendant employee, was not properly certificated and rated for the plaintiff's aircraft (which latter fact was alleged in the complaint, as well as proved by affidavit). The said "pilot qualification" clause contained the provision that it was "not valid unless countersigned by a duly authorized representative of the [insurance] company," and the endorsement was countersigned by one whom an unopposed affidavit swore to be such a duly authorized representative. The clause was not ambiguous, being substantially similar to those upheld in *Grigsby v. Houston Fire &c. Co.,* 113 Ga. App. 572 (148 SE2d 925) and *Farmers & Merchants Bank v. Ranger Ins. Co.,* 125 Ga. App. 166 (186 SE2d 579). It is immaterial that the airplane was being flown without the knowledge or consent of the insured. "The

duty is on the insured to know that the aircraft is being operated within the regulations." *Grigsby,* supra, p. 574 (3). The exclusion had an obvious relation to the degree of the risk or hazard assumed by the insurer, regardless of the insured's actual knowledge or consent as to the excluded use.

2. The trial judge did not abuse the discretion granted him by Code Ann. §§ 81A-120 (b) (Ga. L. 1966, pp. 609, 631), 81A-121 (Ga. L. 1966, pp. 609, 632), and 81A-142 (b) (Ga. L. 1966, pp. 609, 654), in severing the trial of the claim against the defendant insurer from the trial of the claims against the remaining defendants and in ordering the latter claims to be tried first. The trial of all the claims together would have injected the issue of insurance into the trial, which would have worked a prejudice, which is one statutory ground of severance.

*Judgment affirmed. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 20, 1973 — REHEARING DENIED OCTOBER 17, 1973 — ▮▮▮▮▮

*R. John Genins,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Sewell K. Loggins, James C. Holcombe,* for appellees.