**IDEAL MUTUAL INSURANCE COMPANY**

v.

**Carol Oliver LUCAS, a/k/a Carol Oliver Lucas Pineda, Betty Jean Henderson, Jerry L. Henderson, Debra Sue Henderson Terry, Kimberly Henderson, Robin Henderson, Aerosonic Corporation and Mooney Aircraft Corp.**

**Civ. A. No. C–82–088–G.**

United States District Court, N.D. Georgia, Gainesville Division.

Sept. 27, 1983.

William D. Harrison, Atlanta, Ga., for plaintiff.

E.A. Simpson, Jr., Atlanta, Ga., for Pineda.

Ronald C. Harrison, Roswell, Ga., for Hendersons.

Edgar Neely, III, Atlanta, Ga., for Aerosonic.

Glover McGhee, Atlanta, Ga., for Mooney.

## ORDER

O'KELLEY, District Judge.

This declaratory judgment action is one of four suits arising from the crash of a Mooney Mark 20K aircraft into a mountainside near Blairsville, Georgia on March 6, 1980. Specifically, plaintiff Ideal Mutual Insurance Company requests the court to declare that it is not required to afford liability insurance coverage under an aviation liability insurance policy issued to Henry H. Oliver, the owner of the airplane at bar. Arguing that various provisions exclude coverage under the circumstances, plaintiff contends that it is entitled to summary judgment. On the other hand, defendant Lucas has moved for summary judgment on the ground that plaintiff's previous payment of benefits on the hull loss of the aircraft constitutes a waiver of the policy's provisions that allegedly preclude recovery. The court will address the latter motion first.

■ The initial issue before the court is whether the provisions that allegedly prevent coverage in this case are deemed exclusions or conditions under Georgia law. Although the Georgia courts have declared that any insurance policy provisions inserted for the company's benefit may be waived, see, e.g., State Farm Fire & Casualty Co. v. Mills Plumbing Co., Inc., 152 Ga.App. 531, 533, 263 S.E.2d 270 (1979) (quoting American Home Mutual Life Insurance Co. v. Harvey, 99 Ga.App. 582, 583, 109 S.E.2d 322 (1959)), coverage under the policy may not be extended by the doctrines of estoppel or waiver. McGhee v. Independent Life & Accident Insurance Co., 146 Ga.App. 310, 311, 246 S.E.2d 349 (1978); Allstate Insurance Co. v. Christian Brokerage Co., 142 Ga.App. 238, 240, 235 S.E.2d 566, rev'd on other grounds, 239 Ga. 850, 239 S.E.2d 328 (1977). In other words, the doctrine of implied waiver

or estoppel based on the insurer's conduct may not create coverage of risks not included or expressly excluded from the policy. Continental Graphic Services, Inc. v. Continental Casualty Co., 681 F.2d 743, 745 (11th Cir.1982) (Georgia law applied); Keaten v. Paul Revere Life Insurance Co., 648 F.2d 299, 304 (5th Cir.1981) (Unit B) (interpreting Georgia law); Ballinger v. C. & S. Bank of Tucker, 139 Ga.App. 686, 689, 229 S.E.2d 498 (1976); Allstate Insurance Co. v. Walker, 114 Ga.App. 732, 733, 152 S.E.2d 895 (1966). On the other hand, a condition in the policy may be waived or an insurer, by its conduct, may be estopped from demanding fulfillment of the condition. See Sargent v. Allstate Insurance Co., 165 Ga.App. 863, 865, 303 S.E.2d 43 (1983); Cotton States Life Insurance Co. v. Edwards, 74 Ga. 220, 230 (1885).

■ While there is no talismanic test to determine whether a provision in an insurance contract is a condition or exclusion, courts generally have found that exclusions are designed to limit the risks for which the insurer will provide coverage. See, e.g., Ballinger v. C. & S. Bank of Tucker, 139 Ga.App. 686, 688–89, 229 S.E.2d 498 (1976). In other words, the word "exclusions" signifies subject matter or circumstances in which the insurance company will not assume liability for a specific risk or hazard that otherwise would be included within the general scope of the policy. See Keeton, Basic Text of Insurance Law 307 (1971). Conversely, a condition is a provision inserted in the contract for the insurer's benefit that requires fulfillment of certain prerequisites before benefits will be released to the beneficiary under the contract. See, e.g., American Home Mutual Life Insurance Co. v. Harvey, 99 Ga.App. 582, 583, 109 S.E.2d 322 (1959) (age limitation considered condition and subject to waiver).

■ An insurer has the burden of proving that claims are excluded under the insurance policy. See State Mutual Assurance Co. v. Dorsey, 357 F.2d 600, 602 (5th Cir. 1966) (citing Georgia law); Cobb Bank & Trust Co. v. American Manufacturers

*Mutual Insurance Co.,* 459 F. Supp. 328, 334 (N.D.Ga.1978), *aff'd,* 624 F.2d 722 (5th Cir.1980). In the case at bar, plaintiff contends that four provisions designated as exclusions preclude recovery of benefits under the contract. For example, one provision excludes coverage when the pilot of the aircraft does not have certain minimum qualifications. Others declare that the insurance company refuses to assume liability in specified circumstances unless a waiver from the Federal Aviation Authority is obtained. Additionally, plaintiff declined to insure "any operation for which a charge is made" and another clause states no coverage exists for "employees" of the insured.

After careful examination, this court concludes that in each situation the provisions are exclusions; therefore neither estoppel nor waiver is applicable. First, all the sections relied on by the insurer to deny coverage are listed under the heading of "Exclusions." While the designation of a term in a contract does not conclusively determine its legal status, the label is some evidence of the contracting parties' intent. Accordingly, plaintiff argues that it did not intend to cover the risks listed under the heading of "Exclusions." For example, in excluding flights by pilots who did not have the in flight hour qualifications or certain pilot ratings, plaintiff apparently intended not to assume the risk of untrained piloting. Similarly, the exclusion of coverage for flights in conditions in which the pilot is not trained to fly is more in the nature of an excluded risk than a condition inserted for the benefit of the insurer. *See, e.g., Ranger Insur-ance Co. v. Columbus-Muscogee Aviation, Inc.,* 130 Ga.App. 742, 744–45, 204 S.E.2d 474 (1974); *Atlanta Air Fleet, Inc. v. Insurance Company of North America,* 130 Ga.App. 15, 15–16, 202 S.E.2d 192 (1974).

Additionally, the language under the heading of Exclusions on page two of the policy states "[t]his policy does not apply ..." before listing the circumstances in which coverage is not afforded. In comparison, the conditions are listed on a separate page. Based on the foregoing reasons, this court concludes that the provisions in issue are clearly intended to exclude certain risks. Therefore, the doctrine of estoppel or implied waiver is inapplicable. Defendant Lucas' motion for summary judgment is denied.

In moving for summary judgment, plaintiff contends that no issue of material fact on the pilot's lack of qualifications exists. The court agrees. Under the policy, any pilot other than Henry Oliver was required to have 100 hours in retractable gear aircraft.[1] As plaintiff points out, the addition of the hours logged in the pilot's logbook shows that he has less than 100 hours in retractable gear aircraft. By the court's calculations, he had 96.8 hours. Although this amount is not much less than the minimum required, the 100 hour threshold had to be satisfied before coverage could be extended. Georgia courts have held that a requirement of a minimum of logged hours for pilot qualifications is a valid exclusion. *See, e.g., Grisby v. Houston Fire & Casualty Insurance Co.,* 113 Ga.App. 572, 573, 148 S.E.2d 925 (1966).

---

1. On page two of the policy, exclusion # 2 provides:

   This policy does not apply:
   . . . .
   2. to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations. . . .

   Item 7 of the declarations refers the policy reader to endorsement # 2. Under this endorsement, the pilot certificate and rating provides as follows:

   Pilot Certificate and Ratings

   | Name | S | P | C | SEL | MEL | INST... |
   |---|---|---|---|---|---|---|
   | Henry H. Oliver | X | | | | | |
   | Any Pilot Having | | X | X | | | X |

   *S—Student License/P-Private License/C-Commercial License/... Inst-Instrument....

   | Logged Flying Hours Name | TLFH ... | RG | M&M | DUAL |
   |---|---|---|---|---|
   | Henry H. Oliver | 35 | | A/C | 25 |
   | | 350 | 100 | 10 | |

   TLFH—Total Logged Flying Hours/...
   RG—Retractable Gear...
   M&M A/C—Insured Aircraft or same make and model aircraft.

   **Dual Instruction Given by a Qualified Certified Flight Instructor in the same make and model aircraft insured by this policy prior to solo.

Therefore, the court grants plaintiff's motion for summary judgment. The clerk is directed to enter judgment in favor of plaintiff and against defendants.