## 20218. METROPOLITAN LIFE INSURANCE CO. *v.* DODD, administratrix.

DECIDED MARCH 4, 1930. REHEARING DENIED APRIL 15, 1930.

*Smith, Hammond, Smith & Bloodworth,* for plaintiff in error.
*A. W. White, A. E. Ramsaur, A. C. Corbett,* contra.

LUKE, J. On October 1, 1927, the Metropolitan Life Insurance Company issued a policy of insurance for $800 on the life of Joseph Dodd. The insured died on January 16, 1928, and his administratrix, Mrs. W. J. Dodd, brought an action on the policy in the municipal court of Atlanta. The jury found a verdict for the plaintiff for $800 principal and $200 attorney's fee, and a judgment was entered accordingly. The appellate division of the said court affirmed the judgment of the trial court, and the case was taken by certiorari to the superior court. The exception here is to the judgment overruling the certiorari.

There are certain special grounds complaining of the court's rulings in admitting and rejecting evidence. These will be referred to later. As we see it, the determining factor in the case is whether or not the insurer made out conclusively any of its affirmative defenses.

Following closely the provisions of the policy, the defendant pleaded: (1) that the insured was not in sound health when the

policy was issued; (2) that within two years before the date of the policy the insured was treated by a physician for a "serious disease or complaint," to wit, inflammation of the gall bladder and acute nephritis; (3) that prior to the date of the policy the insured had a disease of the kidneys; and that "such medical attention or previous disease was not specifically recited" in the waiver clause of the policy signed by the secretary. The defendant further pleaded that it had exercised its option to declare the policy void because of the facts pleaded, and that it had tendered the premiums paid to plaintiff and she had refused to accept them.

Dr. Homer Matthews, sworn for the defendant, testified that he treated the insured during September, 1926, for inflammation of the gall bladder and inflammation of the kidneys; that he regarded his patient's kidney trouble as a serious disease; that he did not know whether or not the kidney trouble cleared up; that he did not see the insured again until January 3, 1928, when, according to witness' diagnosis, he had cirrhosis of the liver; that after treating the insured in September, 1926, he did not dismiss him—did not know whether or not he told him to come back, but that he just did not come back; that it was witness' understanding that the insured went to work after that; that he regarded the kidney trouble as acute, but did not think it was chronic; that during the month of September, 1926, witness visited the insured twice at his home, but that the insured called to see witness at his office the other three times; that the insured could not have been confined to his bed for more than three or four days after witness called at deceased's home on September 11, as the insured came to witness's office on September 14; that witness did not know whether or not he told the insured what his trouble was in September, 1926; and that the cause of the insured's death was cirrhosis of the liver.

Clearly the jury had the right to conclude that the first defense was not made out. Granting that the insured was sick in September, 1926, it does not necessarily follow that he was not in sound health on October 1, 1927. Furthermore, Mrs. W. J. Dodd testified that defendant's doctor who examined the insured said, "Why, you are as sound as a dollar." Indeed, this defense is not really insisted upon.

Was the defense that the insured was treated for a "serious disease or complaint" within two years prior to the date of the policy so conclusively made out that the jury was bound to find for the defendant upon its second plea. We think not. True, the doctor testified that he regarded the insured's kidney trouble as a serious disease, but, in view of his other testimony, the jury had the right to believe that it was not a serious disease. It unquestionably appears, however, from the testimony of Dr. Matthews, that prior to the date of the policy the insured was treated by him for "a disease of the kidneys," and it also appears that such disease was not specifically recited in the "space for indorsements" on page 4, in a waiver signed by the secretary or an assistant. Nothing else appearing, the defendant, under the terms of the contract, had the right to return the premiums paid and declare the policy void.

But the plaintiff seeks to prove a waiver of the provisions of the policy by showing that both the company's soliciting agent and its examining physician knew that the insured had been sick and had been treated by Dr. Matthews. Mrs. W. J. Dodd, mother of the insured, testified that Mr. Andrews, who solicited the insurance and delivered the policy, came to her house three or four months before the policy sued on was issued and solicited insurance on the life of her son; that Dr. Matthews was going down the steps when Mr. Andrews came in; that her son told the agent that he had been treated by Dr. Matthews, that he was "just a little sick," and that he would think about insurance when he got well; that the agent said, "you are just a little bilious." Mrs. Dodd further testified that her son told Dr. Crawley, who examined him for the insurance, that he was sick "just after his father died," and that Dr. Matthews had treated him in September and June of the previous year; and that Dr. Crawley said, when he had finished the examination, "Why, son, you are as sound as a dollar," and walked out. Since the application was not attached to or made a part of the policy, and the provision that no agent of the insurer could waive forfeitures was contained only in the policy itself, such limitation upon the agent's authority applied only to matters occurring after the issuance of the policy, and not to facts and conditions existing at the inception of the contract. *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (2) (134 S. E.

804); *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92.); *Athens Mutual Ins. Co.* v. *Ledford,* 134 *Ga.* 500 (1) (68 S. E. 91). "But such waiver will not result unless either the company or some authorized agent had actual notice of the fact or condition in question. Constructive notice would not be sufficient for such purpose." *Interstate Life & Accident Co.* v. *Bess,* supra; *Wiley* v. *Rome Ins. Co.,* 12 *Ga. App.* 186 (76 S. E. 1067).

It being indisputably established both by the testimony of Dr. Matthews and by the proofs of death that the insured had a disease of the kidneys prior to the date of the policy, and the evidence failing to show actual knowledge of this fact either in the agents of the insurer or in the insurer itself, the insurer's third plea stands as established, and the judge of the superior court erred in overruling the certiorari.

Since the special grounds complaining of the admission and rejection of evidence present no novel question and disclose no reversible error, we deem it unnecessary to consider them in detail.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*