MARTINSON, Administrator, Respondent, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*October 9—November 8, 1940.*

For the appellant there was a brief by *Rieser & Mathys* of Madison, and oral argument by *Clifford G. Mathys.*

For the respondent there was a brief by *Anna Mae Davis,* attorney, and *Ole Stolen* of counsel, both of Madison, and oral argument by *Miss Davis.*

WICKHEM, J.   Plaintiff seeks recovery upon a life insurance policy in the amount of $500 upon the life of his wife Muriel Martinson. The policy did not require a medical examination. It was dated April 25, 1938, and insured died on November 4th of the same year. The cause of death was chronic nephritis and uremia of at least two years' duration. Defendant set up as a defense misrepresentations by insured with respect to condition of her health and prior treatment for diseases. Plaintiff claimed that the true facts concerning these matters were disclosed to the soliciting agent of the company both before and after the policy was issued. The jury found that the insured, with intent to deceive, made five misrepresentations with respect to her health and former medical treatment, and that these materially affected the risk. It was found that none of these facts were disclosed to the soliciting agent before the policy was issued, and that all of them were disclosed to him subsequently and at a time when he collected a premium thereon. It is not claimed nor on the record could it successfully be claimed that the jury's findings are not sustained with respect to the falsity of the representations, the intent to deceive, the materiality of the representations, and the nondisclosure to the soliciting agent at the time of the application.

It is first contended by defendant that the evidence does not sustain the finding of the jury that full disclosure was later made to the soliciting agent. This claim is based on the fact that shortly after April 25, 1938, plaintiff—not the insured—told Gordon when he came to collect premiums that the application was incorrect; that it did not state that "she had been sick, on the policy; no kidney trouble

at all;" that "she is sick;" and that the likelihood of her recovery was not great. Defendant's objection is that this did not disclose that insured had been in the hospital for some time in 1937; that she had been treated for anemia; that she had been disabled as a result of a skin rash; that during all of 1937 she was being treated by doctors several times a month; or that she was in poor health and suffering from kidney trouble at the time the policy was issued. It is claimed that plaintiff's testimony cannot even be considered a disclosure that his wife was in poor health at the time of the application because of his contention all through the trial that she was in good health at that time. Upon these grounds, and because plaintiff signed and filed with defendant a certificate of claim in which he certified that to the best of his knowledge and belief the insured was in sound health on the date of the policy, it is contended that the most the evidence will support is that plaintiff made the partial and wholly immaterial disclosure that his wife was ill with kidney trouble at the time when the premium was paid.

Perhaps defendant claims too much. It may be inferable from plaintiff's testimony that he intended to and did tell the agent that insured had kidney trouble when the application was made. Plaintiff appears to have objected to the representation in the application attached to the policy, and it is not unreasonable to suppose that his statement was meant and should have been understood as conveying the intelligence that statements of insured that she was in good health and not suffering from kidney trouble at the time of the application were erroneous. It is perfectly clear, however, that no further information was given the agent and he had no reason to believe, (a) that any misrepresentation had been made with intent to deceive; (b) that applicant knew that she was ill with kidney trouble when she answered questions concerning her health; or (c) that she knew that she had had it when she answered the question whether she

had ever suffered from this disease. The misrepresentations as to former treatment and hospitalization are clearly not touched at all by plaintiff's disclosures to the agent.

We are therefore faced with the question whether, where insured has made five separate and distinct misrepresentations, each designed to deceive defendant, and each material to the risk, the fact that the insurer received premiums knowing through its collecting agent that some of these statements were at least innocently false is enough to constitute a waiver by the insurer of its right to cancel the policy for any of the misrepresentations. It is the general rule that a partial, fragmentary, or incomplete disclosure in such a situation is not sufficient to avoid the effect of the fraud. *Dossett v. Franklin Life Ins. Co.* (Tex. Comm. App.) 276 S. W. 1097; *Planters' Mut. Ins. Co. v. Loyd,* 67 Ark. 584, 56 S. W. 44; *Maggini v. West Coast Life Ins. Co.* 136 Cal. App. 472, 29 Pac. (2d) 263; *Metropolitan Life Ins. Co. v. Dodd,* 41 Ga. App. 243, 152 S. E. 850; *Conklin v. New York Life Ins. Co.* 200 Wis. 94, 227 N. W. 251 (semble). If this question is to receive an affirmative answer in the light of the authorities, it is necessarily because the disclosure here was of the falsity of the most important of the representations, namely, that insured had kidney trouble and was not in good health at the time of the application, and that the representations with respect to the time of her last illness, the disease she last suffered from, and the time at which she last received treatment from a physician or at a hospital are relatively minor matters. While there is some plausibility to this contention, it is our conclusion that it is not sound. In the first place, there was no disclosure to the insurer of the fact of fraud on the part of the insured. In the second place, all of the other questions concerning which misrepresentations had been made had important bearing upon the risk. It could quite easily be concluded by the in-

surer not to cancel a policy in the application for which there had been an inadvertent or an innocent misrepresentation material to the risk. The insurer might entertain an entirely different view if it knew there had been a fraudulent misrepresentation in this respect. It was open to the insurer to conclude that the fact of insured's kidney trouble or bad health at the time of the application was based on facts learned after the examination since so far as any disclosure was concerned she had had no treatment or hospitalization at any time within the last three years. In other words, there was nothing in the disclosure which would lead to the suspicion that any of the representations concerning treatment by a physician or hospitalization were even innocently false, much less that they were fraudulently false. Under these circumstances, it cannot be concluded that the company was even put on notice of the falsity of other representations, as might be argued to be the case where knowledge of fraudulent misrepresentations as to some of the answers was known.

In view of the foregoing, we are forced to conclude that such disclosures as were actually made are not a sufficient basis for the waiver claimed by plaintiff. In view of this conclusion we find it unnecessary to deal with defendant's contention that the knowledge of the soliciting agent, who in this case collected the premiums, was not that of the defendant company under all the circumstances of this case. We have assumed solely for the purpose of determining the contention disposed of that his knowledge was that of the company, but we prefer to make no determination upon this point.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.