## 37671. AMERICAN HOME MUTUAL LIFE INSURANCE COMPANY *v.* HARVEY.

TOWNSEND, Judge. 1. (*a*) The exception here is to the order of the Judge of the City Court of Bainbridge, Ga., overruling general and special demurrers to the plaintiff's petition seeking recovery for $301 in hospital expenses under a policy of health and accident insurance issued to him by the defendant. The policy, which is attached to and made a part of the petition, shows that the expenses sought to be recovered are such as are within the contemplation of the risks insured against, but that under Part VIII of the policy, headed "Not Covered" is the provision: "15. Any person over the age of 65," and the general demurrer attacks the petition on the ground that it shows on its face that the plaintiff, being over age 65, is not entitled to the hospital and surgical benefits sought, and which are the only type of benefits covered by the policy. The plaintiff alleges that the copy of his application which was attached to the policy showed his date of birth as February 10, 1893, and his age also appeared on the face of the policy. He became 65 years of age on February 10, 1958, and the defendant continued to collect and accept premiums until August 5, 1958, but, when a claim was presented for hospital bills incurred between May 6, and May 23, 1958, it then denied liability on account of the plaintiff's age. The policy shows that its schedule insured the plaintiff for a monthly premium of $2.50 and insured also the plaintiff's wife for a monthly premium of $3.00. There is a statement that "the payment of a policy writing fee of $2.00 and the payment in advance of the monthly premium stated in the schedule below will be continued in force until the first day of the month next suc-

ceeding the date hereof. Thereafter this policy may be renewed with the consent of the company for further consecutive periods by the payment of the required renewal premium. Each such renewal period shall expire on the first day of calendar month next succeeding that for which premiums are paid. . . This policy is renewable at the option of the company only." It also states that "if the insured or any member of the family insured hereunder incurs expense for hospital confinement covered by this policy, and while this policy is in force, the company will pay the insured indemnity therefor to the extent hereinafter limited and provided."

(b) There is no doubt but that, under its terms, the *policy* was in force at the time of the plaintiff's disability. There is no doubt but that it was a policy from month to month only, and that, as to each of the persons insured thereunder, the defendant had accepted a separate premium for each separate month between February, when the plaintiff became 65, and August, when the claim was made. There is no question but that the defendant knew, when it accepted the $2.50 monthly premiums for the plaintiff between February and August, that the plaintiff was over 65 at that time. It accordingly follows that, as to each person covered, the defendant elected to exercise its option to renew the policy each month until the claim was presented. "Any provision of a policy made for the company's benefit may be waived by the company either expressly or impliedly by the company's action." *Jones* v. *Pacific Mutual Life Ins. Co.*, 57 *Ga. App.* 16, 23 (194 S. E. 249); *Rogers* v. *American Nat. Ins. Co.*, 145 *Ga.* 570 (89 S. E. 700); *Guaranty Life Ins. Co.* v. *Pughsley*, 57 *Ga. App.* 588, 591 (196 S. E. 265); *Jefferson Standard Life Ins. Co.* v. *Nelson*, 83 *Ga. App.* 667, 673 (64 S. E. 2d 373). The plaintiff in error contends, however, that the doctrines of waiver or estoppel do not extend so as to make a new contract covering additional subject matter, causes of loss, or causes of loss expressly excluded from coverage of the policy (*Quillian* v. *Equitable Life Assurance Society*, 61 *Ga. App.* 138 (3), 6 S. E. 2d 108), and that, since persons over 65 are excluded from coverage by the terms of the policy, the act of the company in accepting the premiums cannot constitute a waiver so as to increase the coverage beyond that set out in the policy. Had this policy had only one designated premium, with an insurance coverage of several people so long as they were under

the age of 65 years, a different question might be presented. But here the plaintiff specifically paid $2.50 per month to renew the policy for one month as to himself, each month from February to August. Had the defendant insured the plaintiff in the first instance after it knew that he was 65 years of age, the company could not plead the policy exclusion as a defense because "an insurance company can not avoid liability for a loss on one of its policies on the ground that the contract was void from the beginning, when, at the same time, it is collecting assessments on such contract." *Peninsular Casualty Co.* v. *McCloud,* 47 *Ga. App.* 316(5) (170 S. E. 396). This policy automatically expired at the end of each month unless the company exercised its option to accept the premium and renew the same (except as this provision is modified by a 31-day grace period provision in Part V). In each case the acceptance of the premium constituted a renewal of the policy, and we fail to see how the defendant could renew a policy which had become void and plead this matter as a defense any more than it could write a void policy in the first instance and plead it as a defense. The question differs from that in *Quillian* v. *Equitable Life Assurance Society,* supra, because in that case the policy still remained in effect as to the insured because in the event of his death the insurer would still be liable under other policy provisions. The exact question here presented has been considered in other states, and the opinions are not unanimous. In Lipe *v.* World Ins. Co. 142 Neb. 22(1) (5 N.W. 2d 95), it was held that such a provision "constitute[s] a limitation or condition set forth in that instrument for the benefit of the insurer and not the insured. As such, it is subject to waiver by the insurer." The same result was reached in Travelers Ins. Co. *v.* Eviston, 110 Ind. App. 143 (37 N. E. 2d 310). The Supreme Court of North Carolina held, however, in McCabe *v.* Maryland Cas. Co., 209 N. C. 577 (183 S. E. 743), that the provision was not subject to waiver. The reasoning in the Lipe and Eviston cases appears to us to be more in conformity with reason and logic, and with the construction of contracts under Georgia law, and will be followed here. Accordingly, the petition set forth a cause of action and the trial court did not err in overruling the general demurrers.

2. In actions to recover on insurance policies it is unnecessary to attach a copy of anything written or printed on the policy

or set up anything other than what appears on the face or in the body of the policy and which precedes the signatures of the company's officers by whom it was executed. Code § 81-105; *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601(1) (77 S. E. 1072); *Sovereign Camp W.O.W.* v. *Keen*, 16 *Ga. App.* 703 (4) (86 S. E. 88). The first ground of special demurrer on the ground that the plaintiff's application for insurance is not set out is without merit.

3. It has been frequently held that a special demurrer, being a critic, must itself be free from imperfection, and where part of a paragraph attacked by special demurrer is not subject to the complaint brought against it, it should be overruled. *Carusos* v. *Briarcliff, Inc.*, 76 *Ga. App.* 346 (45 S. E. 2d 802); *Atlanta Journal Co.* v. *Doyal*, 82 *Ga. App.* 321 (60 S. E. 2d 802). At least that part of the third ground of special demurrer which seeks to strike the allegation that the plaintiff has paid premiums on this policy continuously for seven years is not subject to the objection taken. The petition shows on its face the age of the policy, and the payment of premiums during that time is certainly proper to be shown for the purpose of proving that the policy continued in force and effect after the insured reached the age of 65 years, knowledge of the company as to his age, and that the policy was in force at the time the claim was made. The trial court did not err in overruling this ground of demurrer.

4. The plaintiff concedes that ground 4 of the demurrer is well taken for the reason that no demand and refusal to pay is alleged to support the claim for the statutory penalty and attorney's fees sought in paragraph 9 of the petition.

The trial court did not err in overruling the general demurrers or in overruling the special demurrers, except as to ground 4 of special demurrer.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 18, 1959.

*Roy M. Lilly, Alexander, Vann & Lilly, Conger & Conger*, for plaintiff in error.

*Custer & Kirbo*, contra.