## 49143. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. MERRITT.

EBERHARDT, Presiding Judge.

Jennie Baldwin applied to Interstate Life & Accident Insurance Company for two industrial type life insurance policies for the principal sum of $500 each. The agent, W. M. Goodin, took the applications at her home. He testified that all questions on the application blank were read to her and that the answers which she made to them were written down on the application by him, since the applicant could not write.

Among the questions were: "15. Are you now in good health and free from physical impairment or deformity? A. Yes. 19. Have you ever had any ailment listed—Rheumatism, Neuritis, Arthritis, Sciatica, Appendicitis, Diabetes, Tuberculosis, High or Low Blood Pressure, Bronchitis, Hernia, Cancer, Syphilis, Rectal Disease, Tonsillitis, Epilepsy, Diseases of Kidney or Bladder, Brain or Heart, Nervous System, Gall Bladder, Stomach or Intestines, Female Generative Organs? A. Yes. If so, indicate which and explain below. A. Disease—Arthritis. Doctor—Dr. Robinson."

The applications were submitted to the company's underwriting department for consideration in determining whether the policies would be issued. On

July 8, 1970 a letter from the medical director in that department was addressed to Dr. John H. Robinson at Americus and received by him, inquiring as to what his record might reveal as to the state of Jennie Baldwin's health. He replied, writing on the bottom of the letter, that he had treated her for arthritis and hypertension. On August 10, 1970 another letter was received by Dr. Robinson making similar inquiry, and that letter was similarly answered by a clerk in Dr. Robinson's office, indicating that Jennie Baldwin suffered from arthritis of the knees.

The policies were issued August 31, 1970, duly delivered and the premiums paid until the date of her death May 7, 1972. The applications were not attached to the policies. Proof of death was submitted.

The company declined to pay the claim on the ground that the answers made in the applications had not truly and correctly reflected the state of the insured's health at that time, and asserted that she had for some time suffered from high blood pressure, or hypertension, and an advanced arteriosclerotic condition which progressed until the time of her death. Dr. Robinson testified that when he first saw the insured in June, 1970, she was suffering from hypertension and arteriosclerosis, as well as arthritis in her knees. She was hospitalized for 12 days then, and again in November, 1970 for 16 days, and again in January, 1972. Each occasion was for the same condition, which grew progressively worse. Her kidneys functioned poorly.

After her death the beneficiary in the policies brought suit seeking recovery of the face amounts of the policies and, additionally, penalty and attorney fees. A jury verdict was returned for $1,600, which included all items sued for, and the defendant appeals, conceding that there was a jury issue as to the principal sum but urging that the additional sums for penalty and attorney fees were not authorized. *Held:*

Appellee contends that since the insurer had actual knowledge of the applicant's health and physical condition before issuing and delivering the policies these matters were waived by the issuance of the policies and, having waived it, no defense as to these matters was

permissible.

Appellant, recognizing that the reply of Dr. Robinson to the inquiry which the company made of him on July 8, 1970 did inform the company that he had treated the insured for both arthritis and hypertension, and that this notice to the company occurred prior to the issuance of the policies, urges that there was no proof that the doctor's replies to the inquiries of July 8 or of August 10 were properly addressed and mailed to the company in an envelope carrying sufficient postage to deliver them and that they were not returned to him by the postal authorities. Generally this is a requirement in showing the mailing of a letter, and when shown a presumption of delivery is raised. *Watkins Products, Inc. v. England,* 123 Ga. App. 179 (1) (180 SE2d 265); *Sullivan Enterprises, v. Stockton,* 118 Ga. App. 542 (164 SE2d 336). The only proof in this record as to mailing is the doctor's testimony that he mailed the inquiry back to the company with his reply written on the bottom of it. This falls short of the required proof.

However, in the pre-trial order it is recited that the (defendant), by agreement, "will make available to the plaintiff for introduction into evidence in the plaintiff's case the original of letters from the underwriting department of the defendant addressed to John H. Robinson, III, M.D., dated July 8, 1970 and August 10, 1970, containing the handwritten note of Dr. Robinson on the first letter and that of a member of his staff on the second letter. If the original letters are not produced by the defendant, it is agreed that the testimony on deposition of Dr. John H. Robinson, III concerning such letters is admissible without regard to the best evidence rule." Under this stipulation in the pre-trial order it becomes immaterial as to whether there was proper proof of the mailing of the inquiries and replies thereon. The stipulation amounts to an admission by the defendant that it received them, else, how could it produce them?

We are constrained to hold, under these facts, that the policies were issued by the company with actual knowledge on its part that the applicant was suffering from arthritis and from hypertension. It appears that the inquiries were sent to Dr. Robinson by the medical

director of the company's underwriting department, and, as such, he should have known that an applicant, shown on the application to be 69 years of age, who suffered from hypertension might well suffer from its attendant complications such as arteriosclerosis.

Thus, having written the policies with this actual knowledge of applicant's health, the company waived all defenses concerning that particular matter and determined to accept her in her then condition as to it.

Having waived the defenses made at the trial, it cannot be said that the company offered and supported a valid defense, and the jury was authorized to award the penalty and attorney fees. *National Life & Acc. Ins. Co. v. Moore,* 86 Ga. App. 618, 626 (2) (72 SE2d 141). Cf. *Metropolitan Life Ins. Co. v. Dodd,* 41 Ga. App. 243 (152 SE 850).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED MARCH 5, 1974 — DECIDED MAY 16, 1974.

*Smith & Jones, Henry O. Jones, III,* for appellant.
*Myers & Parks, John R. Parks,* for appellee.