64940, 64939. SARGENT et al. v. ALLSTATE INSURANCE COMPANY; and vice versa.

SOGNIER, Judge.

Allstate Insurance Company (Allstate) filed the instant declaratory judgment action seeking a determination of its obligation to afford coverage and to defend a wrongful death action filed against Joan Sargent and others by Mr. and Mrs. Jesse L. Sewell for the death of their daughter. On January 13, 1981, Sargent collided with a car driven by Mrs. Sewell, in which her daughter, Penny was a passenger. Sargent's own car, a Mazda, was being repaired at the time of the collision, and she was driving, with permission, a car owned by Rickey Ford, who had no insurance. When Sargent purchased the Mazda in 1980, her father, who lived in Alabama, cosigned the note, registered

the car in his name, and placed it under his Allstate policy. Sargent then moved to Atlanta to work, bringing the Mazda with her.

Sargent promptly reported the collision to Allstate, which had all the facts shortly thereafter. On January 28, 1981, Penny Sewell died. In January or February 1981, Allstate paid the property damage claim for Rickey Ford's car.

On May 12, 1981, the Sewells filed a wrongful death action against Sargent and others. Sargent immediately notified Allstate of the lawsuit and was referred to legal counsel with whom she met on May 27, 1981. At that meeting, Sargent gave a statement concerning the collision and signed a reservation of rights agreement in which she agreed not to assert any claim of waiver or estoppel against Allstate. The first law firm then referred the case to a second firm which filed defensive pleadings, apparently on the basis of information Sargent furnished the first firm.

On July 15, 1981, Allstate, represented by the first law firm, filed the instant action. Both Sargent and Allstate moved for summary judgment. The trial court granted summary judgment in favor of Sargent on the issue of Allstate's duty to defend and in favor of Allstate on the question of coverage. Sargent appeals and Allstate cross appeals. Sargent contends that the trial court erred in partially denying her motion for summary judgment and in partially granting Allstate's motion. She contends that Allstate is estopped to deny coverage, because the May 27, 1981 non-waiver document was neither effective nor timely as a reservation of rights agreement, and further because Allstate's payment of the property damage claim of Rickey Ford waived any coverage question. Allstate denies any waiver or estoppel and contends in its cross appeal that the trial court erred in partially granting Sargent's motion, and partially denying Allstate's, on the question of Allstate's duty to defend Sargent in the wrongful death action.

1. The first issue on appeal is whether Allstate is, by waiver, estopped to rely upon certain exclusions and conditions of its policy.

Allstate contends that Sargent was not covered while using a "non-owned auto" because she was not a resident relative of her father's household and because she was using Ford's car in her business or occupation as a nurse in a medical personnel pool. As to the second basis of exclusion, the undisputed evidence shows only that Sargent was using the vehicle to go to and from her work assignments. In the absence of any evidence of the elements necessary to establish that the vehicle was being used in the course of Sargent's employment, rather than for her own purposes, we conclude that the policy exclusion for nonowned vehicles being used in any business or occupation was inapplicable as a matter of law. See

*State Farm &c. Ins. Co. v. Dilbeck,* 120 Ga. App. 740, 742 (172 SE2d 139) (1969). See also *Chattanooga Pub. Co., Inc. v. Fulton,* 215 Ga. 880, 882 (3) (114 SE2d 138) (1960); *McKinney v. T.I.M.E. — D.C., Inc.,* 134 Ga. App. 57, 59 (2) (213 SE2d 166) (1975); *Stewart v. Roberts,* 132 Ga. App. 700 (209 SE2d 119) (1974); 6 Blashfield, Automobile Law and Practice 280 et seq., § 253.96. See generally Sherar v. B and E Convalescent Ctr., 122 Cal. Rptr. 505 (1975); 52 ALR2d 287, 325 § 13.

In asserting that, notwithstanding its payment of the property damage claim, it has not waived the issue of noncoverage based on Sargent's non-residency, Allstate relies upon the well-established principle: "The doctrines of implied waiver and estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." *Ballinger v. C. & S. Bank,* 139 Ga. App. 686, 689 (229 SE2d 498) (1976). Accord *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732, 733 (1) (152 SE2d 895) (1966); *Quillian v. Equitable Life &c. Soc'y.,* 61 Ga. App. 138, 144 (6 SE2d 108) (1939). While waiver or estoppel may not be used to enlarge the coverage contained in a policy of insurance, nevertheless, "[a]n insurer may waive any provision in an insurance policy inserted for its benefit, and may waive any condition or limitation in the policy upon which it could otherwise rely." 16B Appleman, Insurance Law and Practice 510-512, § 9083, citing *Jefferson Standard &c. Co. v. Nelson,* 83 Ga. App. 667 (64 SE2d 373) (1951). See also *American Home &c. Ins. Co. v. Harvey,* 99 Ga. App. 582, 583 (1b) (109 SE2d 322) (1959), and cases cited therein. Examples of conditions and limitations that may be waived include: conditions as to title or ownership (see *Christian v. Allstate Ins. Co.,* 239 Ga. 850 (239 SE2d 328) (1977); *Barnum v. Sentry Insurance,* 160 Ga. App. 213, 216 (2), 217 (3) (286 SE2d 445) (1981); *Bankers Fire &c. Ins. Co. v. Hopkins,* 93 Ga. App. 246 (91 SE2d 298) (1956); conditions as to other insurance or cancellation of other insurance (see *Chester v. State Farm &c. Ins. Co.,* 121 Ga. App. 599 (174 SE2d 582) (1970); conditions as to pre-existing health conditions (see *Interstate Life &c. Ins. Co. v. Merritt,* 131 Ga. App. 825 (207 SE2d 231) (1974); *American Life Ins. Co. v. Stone,* 78 Ga. App. 98, 102 (2) (50 SE2d 231) (1948)); conditions concerning location of insured cars (see *Liverpool &c. Ins. Co. v. Ga. Auto &c. Co.,* 29 Ga. App. 334, 353 (3), 357 (115 SE 138) (1922)); conditions requiring proof of loss (see *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474) (1960)); conditions requiring timely written notice (see *Govt. Employees Ins. Co. v. Gates,* 134 Ga. App. 795 (216 SE2d 619) (1975); exclusion based on age (see *American Home &c. Ins. Co. v. Harvey,* 99 Ga. App. 582 (109 SE2d 322) (1959));

requirement of insurer's consent to assignment (see *State Farm &c. Co. v. Mills &c. Co.,* 152 Ga. App. 531, 533 (263 SE2d 270) (1979)); requirement that all waivers be in writing (see *South Carolina Ins. Co. v. Hunnicutt,* 105 Ga. App. 257, 259 (124 SE2d 315) (1962)). See also 7 Blashfield, Automobile Law and Practice 449 et seq., § 303.21-303.29; 16B Appleman, supra at 510 et seq., § 9083. "[C]onditions may be expressly waived, or waived by conduct inconsistent with an intention to enforce strict compliance with the condition. . . . [Cits.]" *State Farm &c. Ins. Co. v. Wright,* 137 Ga. App. 819, 822 (224 SE2d 796) (1976).

The critical question in the instant case is whether Sargent is seeking to employ the theory of implied waiver to cover a loss not within the coverage of the Allstate policy. From the copy of the policy in the record, we discern that the automobile liability insurance covers bodily injury, sickness, disease or death to any person. Liability for injury and death of Penny Sewell, if found to result from collision with the car operated by Sargent is clearly a risk assumed by Allstate under the terms of the contract. Compare *Southeastern &c. Inc. v. Graphic Arts &c. Co.,* 164 Ga. App. 70 (1) (296 SE2d 378) (1982); *Washington v. Hartford Accident &c. Co.,* 161 Ga. App. 431 (288 SE2d 343) (1982); *Allstate Ins. Co. v. Walker,* supra. Sargent fulfilled all conditions of being an insured except that she did not reside at her father's home at the time of the collision. The resident relative requirement is a condition imposed for the benefit of Allstate, and is, therefore, subject to waiver. See generally *State Farm &c. Co. v. Mills &c. Co.,* 152 Ga. App. 531, 533 (263 SE2d 270) (1979). Waiver of this condition in no way results in an expansion of the coverage so as to include a risk not assumed by the insurer. See generally *American Life Ins. Co. v. Stone,* 78 Ga. App. 98, supra. The undisputed evidence establishes that Allstate knew at the time Sargent reported the collision and when it paid Rickey Ford's property damage claim that Sargent was not a resident relative. "[P]ayment by the insurer with knowledge of the pertinent circumstances giving it a policy defense waives its right to rely thereon. . . ." 16C Appleman, Insurance Law and Practice 564, § 9366. See also 7 Blashfield, supra, at 473, § 303.46; Indiana Lumbermens Mut. Ins. Co. v. Janes, 230 F2d 500, 504 (5th Cir. 1956). Compare State Farm Mut. Auto. Ins. Co. v. West, 149 FSupp. 289, 308 (D.Md. 1957) (payment without knowledge of possible defense due to insured's misrepresentations).

The holding in *Globe &c. Ins. Co. v. Atlantic &c. Shipping Co.,* 51 Ga. App. 904 (181 SE 310) (1935) is distinguishable on its facts and inapplicable. In that case, the insurer made its initial payment with knowledge that further claims might be made and accordingly, issued

an accompanying statement that subsequent claims would be considered independently. Thus, any waiver was not complete, as in the instant case.

We hold, therefore, that Allstate's payment of the property damage claim constituted a waiver of the policy condition concerning residency of a relative driving a nonowned vehicle.

2. The second issue on appeal is whether the non-waiver agreement signed by Sargent acted to revoke the earlier waiver by the insurer of the residency condition. We hold that it did not.

The non-waiver agreement was executed after Allstate discovered that the coverage question of Sargent's residence had been overlooked by personnel responsible for handling her initial claim and authorizing the property damage payment. The agreement provided: "It is the desire of Sargent notwithstanding the company's disclaimer of obligations under its policy or the potential disclaimer of obligations under its policy, that Allstate shall proceed with the investigation . . . negotiations . . . defense. . . ." In consideration thereof, Sargent agreed that she would not "assert any claim of waiver or estoppel against Allstate because of its investigation . . . negotiations . . . or defense. . . ." Allstate reserved the right to elect to discontinue any of these services and to insist on its non-liability at any time.

A general reservation of defenses is wholly ineffective to prevent a waiver that has already occurred. *Cordell v. Metropolitan Life Ins. Co.,* 54 Ga. App. 178, 184 (187 SE 292) (1936). 7C Appleman, Insurance Law and Practice 362, § 4694. Once Allstate waived the policy condition as to residency, the condition could not be reclaimed. *Napp v. American Cas. Co.,* 110 Ga. App. 673, 675 (2) (139 SE2d 425) (1964); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. at 925, supra; *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, 741 (179 SE 256) (1934). See also *Hader v. Eastman,* 124 Ga. App. 548, 549 (184 SE2d 478) (1971). The non-waiver agreement could not rescind the waiver since it could operate prospectively only. Home Indemnity Co. v. Williamson, 183 F2d 572, 574 (5th Cir. 1950). After the waiver, no disclaimer rights as to the condition of residency remained as a subject matter of the reservation of rights. Therefore, the non-waiver agreement was ineffective to bar coverage based on Sargent's failure to meet this condition. Public Service Mut. Ins. Co. v. Hudson Properties, 182 NYS 2d 710, 716-717 (1958). See also Di Francesco v. Zurich Gen. Acc. & Liability Ins. Co., 134 A 789 (Conn. 1926).

Allstate failed to pierce Sargent's defense of waiver and estoppel; instead, the evidence established that waiver and estoppel existed. See *Hembree v. Cotton States &c. Ins. Co.,* 132 Ga. App. 556 (208 SE2d 568) (1974). Sargent was entitled as a matter of law to

summary judgment on the issue of coverage, as well as on the issue of duty to defend, and the trial court erred in partially granting summary judgment to Allstate, and partially denying it to Sargent. The trial court did not err, however, in granting summary judgment in favor of Sargent on the issue of Allstate's duty to defend and in denying Allstate's motion.

*Judgments affirmed in part; reversed in part. Deen, P. J., and Pope, J., concur.*

Decided March 7, 1983 —
Rehearing denied March 23, 1983 —

*John F. Daugherty,* for appellants.
*Wade K. Copeland,* for appellee.