67319, 67320. ALLSTATE INSURANCE COMPANY v. SWAFFORD et al.; and vice versa.
67321. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SWAFFORD et al.

BIRDSONG, Judge.

The principal question in these appeals is whether a certain Ford Mustang vehicle was a covered vehicle under Swafford's insurance policy with Allstate Insurance Company at the time of the accident which gave rise to litigation among all the parties in the case. Allstate sought declaratory judgment against Swafford on grounds that the Mustang was not covered under the policy and its property damage payment was made to Swafford by mistake. Allstate postulates that notwithstanding its payment of the property damage claim, it has not waived any condition of coverage and is not estopped to deny coverage because " '[t]he doctrines of implied waiver and estoppel . . . are not available to bring within the coverage of a policy risks not covered by its terms.'" *Sargent v. Allstate Ins. Co.,* 165 Ga. App. 863, 865 (303 SE2d 43). Both Allstate and Swafford filed motions for summary judgment, and both were denied. We granted interlocutory appeal to Allstate; Swafford and the third party's insurer State Farm filed cross appeals. *Held:*

The crucial facts in this case are not in dispute. Swafford already owned the Ford Mustang when Allstate's policy was issued in October, 1981; the policy listed as covered three other vehicles (including a Dodge van), and did not list the Mustang. When coverage commenced of the other three vehicles, the Mustang was not operable but was set up on blocks; it could not be driven and that is why Swafford chose not to list it as insured and pay premiums for it. In November, 1981, the listed Dodge van, which had been driven 140,000 miles, became inoperable and Swafford "parked" it intending not to fix it but to sell it (although he did later fix it and sell

it). He fixed the Mustang at about the same time and drove the Mustang in place of the van. Three days after the Mustang was operable, the accident occurred; Swafford notified Allstate of the accident involving the Mustang and Allstate paid property damage.

This case is not controlled by the decision in *Lumbermens Mut. Cas. Co. v. Commercial Union Assurance Co.,* 155 Ga. App. 908, 910 (273 SE2d 649), because the issue here is not whether the Mustang was a "newly acquired" vehicle, but whether the Mustang was a "replacement" vehicle. In *Lumbermens Mut.,* pp. 910-911 under the similar circumstances of a previously owned but inoperable vehicle being repaired and driven by the insured, the coverage of "newly acquired" vehicle was held not to cover the damaged vehicle. We agree with the excellent reasoning by Judge Carley in that case that "[t]o give the [newly acquired] provision a contrary interpretation would permit an insured with a number of vehicles, some in operating condition and some in need of repair, to put them in and out of service, contending that all are covered by the policy, when in fact no premiums are being paid for some of them."

However, coverage is not sought on the basis that this Mustang was a "newly acquired" vehicle. This policy expressly defines an insured vehicle as "(1) any auto described on the declarations page *and the four wheel private passenger auto or utility auto you replace it with."* (Emphasis supplied.) With all regard for Judge Carley's analysis of the intent of the parties with regard to payment of premiums for assumed risks (see also my analysis of "non-owned automobile" provisions in *Mattox v. Cotton States Mut. Ins. Co.,* 156 Ga. App. 655, 657 (275 SE2d 667)), and with some suspicions that Allstate might not normally anticipate, as an assumed risk, that a replacement vehicle might be one already owned and conceivably interchangeably used by the insured, nevertheless the terms of the policy make no such limitation. We are unable to squeeze any condition of ownership out of the express words "and the auto you replace it with"; nor can we infer any such limitation since these express terms anticipate coverage of a replacement vehicle and, so long as the vehicle is genuinely in fact a "replacement," we cannot see that previous ownership by the insured has any overwhelming significance to the risk incurred. (Moreover, if there had been such an implied condition as to title or ownership, it was waived by Allstate's acceptance by the Mustang vehicle as an assumed risk and its payment for damage to it. *Sargent,* supra, p. 865.) As Swafford suggests, Allstate did not see fit to define what it meant by a replacement vehicle, or to make any conditions of ownership, and it simply must live with the coverage it provided to a replacement vehicle. If the coverage terms were ambiguous, we would apply the

cardinal principle of insurance law "that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer." *Kytle v. Ga. Farm Bureau Mut. Ins. Co.,* 128 Ga. App. 109, 112 (195 SE2d 787), but we do not even find it necessary to employ that principle because we find no ambiguity in this express coverage of "the [auto] you replace [the described auto] with."

There is in this record no dispute that the Mustang, although owned by the insured, was inoperable and not used by him and that this was the very reason he chose not to list it and pay premiums for insurance coverage; and that when the listed Dodge van became inoperable he replaced it with the repaired Mustang. There remains no material issue of fact that the Mustang was a replacement vehicle under the express terms of the policy. Summary judgment should have been granted to Swafford in the declaratory judgment action, and was properly denied to Allstate.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED FEBRUARY 2, 1984.

*Robert S. Slocumb,* for appellant (case no. 67319).
*B. Byrd Garland, Alfred D. Fears, William P. Bartles, Samuel A. Murray,* for appellees.
*B. Byrd Garland,* for appellants (case no. 67320).
*Robert S. Slocumb,* for appellee.
*Samuel A. Murray,* for appellant (case no. 67321).
*Robert S. Slocumb, Alfred D. Fears, William P. Bartles, B. Byrd Garland,* for appellees.