## 68800. BARWICK v. GENERAL AMERICAN LIFE INSURANCE COMPANY.
### (324 SE2d 758)

McMURRAY, Chief Judge.

In 1977, defendant issued a group policy of insurance to a law firm. At that time, Barwick was a partner in the law firm and became an insured under the terms of the policy.

Among other coverages, the policy provided life insurance on Barwick in the amount of $50,000. Under the terms of the policy, the amount of life insurance coverage was reduced by one-half when a person reached the age of 65.

Barwick attained the age of 65 on March 19, 1980, but the monthly billings made to the law firm by defendant (which showed Barwick's correct birthdate) continued to show Barwick's life insurance coverage as $50,000 and continued to charge the premium for $50,000 of life insurance coverage. The premiums were paid in full by the law firm. Following Barwick's death on October 12, 1981, at the age of 66, defendant paid to plaintiff (Barwick's widow) life insurance benefits of $25,000 and sought to refund the premiums previously billed and collected in excess of that due for coverage in the amount of $25,000.

Following defendant's refusal to pay benefits for the full $50,000, plaintiff filed this action. Plaintiff appeals from the grant of defendant's motion for summary judgment and the denial of her motion for summary judgment. *Held*:

Plaintiff contends that defendant by charging and accepting payment of premiums for coverage in the full amount of $50,000 has waived strict compliance with the terms of the policy calling for a reduction of life insurance benefits at age 65. Also, plaintiff argues that due to this waiver, defendant is estopped to insist on the terms and conditions of the policy as to reduced benefits.

" 'The doctrines of implied waiver and estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom.' *Ballinger v. C & S Bank*, 139 Ga. App. 686, 689 (229 SE2d 498) (1976). Accord *Allstate Ins. Co. v. Walker*, 114 Ga. App. 732, 733 (1) (152 SE2d 895) (1966); *Quillian v. Equitable Life &c. Soc'y*, 61 Ga. App. 138, 144 (6 SE2d 108) (1939). While waiver or estoppel may not be used to enlarge the coverage contained in a policy of insurance, nevertheless, '(a)n insurer may waive any provision in an insurance policy inserted for its benefit, and may waive any condition or limitation in the policy upon which it could otherwise rely.' 16B Appleman, Insurance Law and Practice 510-512, § 9083, citing *Jefferson Standard &c. Co. v. Nelson*, 83 Ga. App. 667 (64 SE2d 373) (1951). See also *American Home &c. Ins. Co.*

*v. Harvey,* 99 Ga. App. 582, 583 (1b) (109 SE2d 322) (1959), and cases cited therein. Examples of conditions and limitations that may be waived include: . . . exclusion based on age (see *American Home &c. Ins. Co. v. Harvey,* 99 Ga. App. 582 (109 SE2d 322) (1959) . . .'" *Sargent v. Allstate Ins. Co.,* 165 Ga. App. 863, 865 (303 SE2d 43).

*American Home &c. Ins. Co. v. Harvey,* 99 Ga. App. 582, supra, involved a health and accident insurance policy which contained a provision under which "[a]ny person over the age of 65" was not covered. We are unable to distinguish the facts of that case from those of the case sub judice. In that case and in the case sub judice the policy contained provisions under which certain coverage was terminated or reduced when an insured reached 65 years of age. When the insured reached that age, the insurers continued to charge a premium for the terminated or reduced coverage, specifically attributing a separate portion of the premium to the coverage in question. In each case the monthly acceptance of the premium constituted a renewal of the policy. Both insurers knew, when they accepted the monthly premiums, that the insured was over 65 years of age.

The trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 4, 1984

*J. Garland Peek, J. Corbett Peek, Jr.,* for appellant.
*Theodore G. Frankel,* for appellee.