## 41071. PRESCOTT'S ALTAMA DATSUN, INC. v. MONARCH INSURANCE COMPANY OF OHIO.
### (319 SE2d 445)

HILL, Chief Justice.

May a liability insurer, by its conduct relative to the defense of a lawsuit against its former insured, cause an expired policy of insurance to be in effect as to an accident occurring after expiration of the policy? The Court of Appeals held that a liability insurer's conduct in defending a lawsuit against its former insured could never revive an expired policy. We granted certiorari. *Prescott's Altama Datsun v. Monarch Ins. Co. of Ohio*, 170 Ga. App. 545 (317 SE2d 845) (1984).

Dr. Jerry Boatwright was injured on January 1, 1980, in the one-car crash of a Datsun he had purchased from Prescott's Altama Datsun, Inc., on June 12, 1978. He sued Prescott's, Nissan Motor Company, Ltd., and its American affiliate on December 22, 1981, alleging negligent design, manufacture and inspection by Nissan and its affiliate, negligent maintenance and repair by Prescott's, and breach of express and implied warranties by all defendants. Boatwright prayed for in excess of ten million dollars in general damages. Prescott's answered the complaint on January 18, 1982, being represented by an attorney retained by Universal Underwriters Insurance Company. Having received a copy of the complaint from Prescott's, Monarch Insurance Company of Ohio retained counsel who ascertained that the suit had been answered on Prescott's behalf and filed a notice of appearance as Prescott's counsel on January 21, 1982, in order to protect Monarch's rights. Nothing further occurred involving Prescott's until discovery was initiated by Boatwright on April 12, 1982; at that time, Prescott's personal attorney insisted in writing that either Universal's or Monarch's attorney become lead counsel. On April 15, 1982, Monarch notified Prescott's by letter that it was defending the suit subject to its reservation of rights to deny coverage because its two policies insuring Prescott's had lapsed on December 12, 1979, before the accident occurred on January 1, 1980, and because it was unclear whether products liability claims were covered by the policies. Prescott's did not contest Monarch's reservation of rights. After Boatwright's deposition was taken, Monarch filed this declaratory judgment action in October 1982, to determine whether it must defend Boatwright's personal injury damage suit and pay damages under the provisions of its policies.

The trial court granted summary judgment to Monarch and Prescott's appealed contending that Monarch's policies were applicable and that Monarch waived the defense that the policies had expired by filing an appearance in the case and was now estopped to deny coverage under the policies. The Court of Appeals affirmed, holding that although an insurer may waive a condition or limitation in an other-

wise valid policy upon which it normally could rely to deny coverage, neither waiver nor estoppel can be used to create coverage (liability) not created by the policy. The majority went on, however, to find that if waiver or estoppel could revive an expired policy, Monarch's conduct here did not amount to waiver or estoppel. Three judges dissented, finding issues of fact as to whether Monarch was estopped to deny coverage and that summary judgment should not have been entered in Monarch's favor.

We decline to adopt the proposition of law that although policy conditions and limitations may be waived, the defense of noncoverage can never be waived. Instead, we find that risks not covered by the terms of an insurance policy, or risks excluded therefrom, while normally not subject to the doctrine of waiver and estoppel, e.g., *Quillian v. Equitable Life Assurance Society*, 61 Ga. App. 138 (6 SE2d 108) (1939) (disability insurer not estopped by sending notice of and accepting premium, from limiting liability to payments for 200 weeks as provided by policy); *Allstate Ins. Co. v. Walker*, 114 Ga. App. 732 (152 SE2d 895) (1966) (insurer not estopped by agent's representation that house trailer was covered by homeowner's policy on insured dwelling), may be subject to the doctrine where the insurer, without reserving its rights, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage, e.g., *Jones v. Ga. Casualty &c. Co.*, 89 Ga. App. 181, 185-186 (78 SE2d 861) (1953); *Gant v. State Farm Mut. Auto. Ins. Co.*, 109 Ga. App. 41, 43 (134 SE2d 886) (1964); *State Farm Mut. Auto. Ins. Co. v. Wheeler*, 160 Ga. App. 523, 525 (287 SE2d 281) (1981). This distinction based upon a liability insurer's undertaking the defense of a suit against the insured was noted in *Southeastern &c. Inc. v. Graphic Arts &c. Co.*, 164 Ga. App. 70, 72-73 (296 SE2d 378) (1982). It also was noted in 1 ALR3d 1139, Insurance Coverage — Estoppel — Waiver at p. 1143, footnote 6.

However, having found that in the absence of a reservation of rights a liability insurer may waive and be estopped to assert a defense of noncoverage by assuming the defense of a suit against its insured (or former insured), we find as a matter of law that the insurer here did not waive and is not estopped to assert such defense under the facts of this case. Monarch's attorney did not answer Boatwright's suit on behalf of Prescott's; Universal Underwriters did. Monarch's attorney entered only an appearance, and entry of an appearance alone does not create an estoppel. *Home Indem. Co. v. Godley*, 122 Ga. App. 356, 361 (177 SE2d 105) (1970). Prescott's was aware that Monarch's attorney had not accepted the role of lead counsel. When Boatwright commenced discovery, Monarch notified Prescott's of its reservation of rights, which Prescott's did not contest either as being unjustified or untimely. Only when this declaratory

judgment action was commenced did Prescott's assert waiver and estoppel and this was secondary to its claim of coverage. Moreover, Prescott's has failed to demonstrate how Monarch's participation has prejudiced Prescott's defense of Boatwright's suit. The Court of Appeals therefore did not err in affirming the trial court's grant of summary judgment to Monarch for the reasons stated herein.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984 —
REHEARING DENIED SEPTEMBER 26, 1984.

*Terry A. Dillard, Daniell S. Landers,* for appellant.
*Kent, Barrow & Royal, A. Martin Kent, Skinner, Wilson, Strickland, Hardy & Benson, John V. Skinner, Gilbert, Gilbert, Whittle, Harrell, Gayner & Scarlett, John M. Gayner III,* for appellee.