Decided January 16, 1990 —
Rehearings denied February 14, 1990 — 

*Wood & Grant, L. Lin Wood, Jr., Wayne Grant*, for Coleman & Harper.

*Love & Willingham, Daryll Love, Robert P. Monyak*, for Atlanta Obstetrics.

*Bennett, Williams & Henry, Benjamin S. Williams*, for Waters.

## A89A2032. JACORE SYSTEMS, INC. v. CENTRAL MUTUAL INSURANCE COMPANY.

(390 SE2d 876)

Sognier, Judge.

Jacore Systems, Inc. brought suit against Central Mutual Insurance Company, contending that, because of its actions in a prior lawsuit filed by a third party against Jacore, its insured, Central Mutual was estopped from denying coverage to Jacore in a subsequent action involving similar issues. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to Central Mutual and denied Jacore's motion. Jacore appeals.

At all times pertinent to this action, appellant, a supplier and distributor of computer hardware and software, has been insured under a "Businessowners Policy" issued by appellee, which includes, inter alia, comprehensive business liability coverage for "bodily injury, property damage or personal injury caused by an occurrence," with "occurrence" defined as "an accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The policy also covered the insured's liability under any contract by which the insured had "expressly assumed liability for damages to which this policy applies, provided, that such liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the insured will be done in a workmanlike manner."

In June 1981, a customer brought suit against appellant in Cobb County Superior Court, alleging breach of a software licensing agreement, wilful misrepresentation, and negligent performance of contractual duties (the "Georgia suit"). Appellee defended appellant in the Georgia suit under a reservation of rights and paid a $3,000 settlement to the plaintiff. Appellant subsequently was named as the defendant in a lawsuit filed in federal district court in Alabama in November 1986, in which the plaintiffs alleged claims for breach of contract, fraud, misrepresentation, and deceit arising from a software

supply contract (the "Alabama suit"). After appellant called upon appellee to defend the Alabama suit, the parties entered into a "Reservation of Rights and Non-waiver Agreement" whereby appellee would pay 50 percent of appellant's litigation expenses incurred after May 1, 1987 but did not admit coverage and reserved its right to bring a declaratory judgment action or withdraw from participation in the defense upon notice to appellant. This agreement further provided that appellee was not waiving its right to assert that the policy did not cover the claim, that appellant contended appellee was estopped to deny coverage, and that the parties agreed this dispute over coverage would be resolved at a future date. The parties to the Alabama suit ultimately reached agreement on a settlement, which required appellant to pay a net amount of $563,000. When appellee refused appellant's demand to pay the settlement sum, appellant filed this action.

1. Appellant enumerates as error the grant of summary judgment to appellee. Appellant does not contend that the policy covers the claims asserted in the Alabama suit. Condensed from appellant's voluminous briefs, appellant's argument is that, either (a) because the 1981 reservation of rights letter was insufficient; (b) because appellee did not also seek a declaratory judgment as to its coverage obligations in the Georgia suit; or (c) because appellee paid the settlement in the Georgia suit, appellee is now estopped to deny coverage in the Alabama suit, an action filed five years later and concerning an unrelated occurrence.

" '[I]f a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage.' [Cit.] 'The general rule of estoppel is . . . limited by the principle that a liability insurer may avoid the operation of the rule by giving the insured timely notice that, notwithstanding its defense of the action against him, it has not waived the defenses available to it against the insured. Such notice, to be effective, must fairly inform the insured of the insurer's position, and must be timely . . . .' [Cit.]" *State Farm &c. Ins. Co. v. Anderson*, 104 Ga. App. 815, 818 (123 SE2d 191) (1961).

(a) In the case at bar, when appellee received from appellant copies of pleadings filed to date in the Georgia suit, appellee immediately responded with a letter in which it agreed to investigate the claim and consider whether to defend the action. However, in this letter appellee also stated that by such action appellee "does not waive any of its rights or admit any obligation under the policy," and explained further that the reservation of rights was being made "because of the definition of contract under [appellant's] policy" and its exclusion of

certain product warranty claims. We find this letter sufficient to inform appellant of the basis for appellee's reservations about coverage, see id. at 818-819, and further find that notice of reservation of rights was timely given in that appellee sent the letter as soon as it was notified of the Georgia suit. See *Moody v. Penn. Millers Mut. Ins. Co.*, 152 Ga. App. 576, 577 (1) (263 SE2d 495) (1979). By not objecting to the reservation of rights letter and by permitting appellee to go forward with its defense of the suit, appellant is deemed to have consented to the letter's terms. *Anderson*, supra at 818.

(b) Appellant cites *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976) as authority for its contention that a reservation of rights letter is insufficient by itself to avoid waiver and that the insurer also must file a declaratory judgment action. In that case we held that "[a]n insurer may not give an insured a unilateral notice of reservation of rights and thereupon proceed with a complete defense of the main claim *absent insured's express or implied consent*," (emphasis supplied), id. at 219, so that if the insured refuses to consent to a reservation of rights, the insurer must give a unilateral notice *and* seek declaratory relief. Id. Here, however, appellant, unlike the insured in *Richmond*, did *not* object to the reservation of rights made by appellee and thus impliedly consented thereto. *Anderson*, supra at 818. Accordingly, appellee was not required to file a declaratory judgment action to avoid waiver and estoppel.

(c) Appellant has cited no authority, either Georgia or foreign, to support its proposition that an insurer's payment of a settlement in a lawsuit defended under a reservation of rights constitutes a waiver of the insurer's right to assert noncoverage in a subsequent lawsuit against the insured involving similar issues. Although as a general rule the doctrines of waiver and estoppel " 'are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom,' (cits.)" *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863, 865 (303 SE2d 43) (1983), appellant contends that, because under some circumstances the defense of noncoverage may be waived, see *Prescott's Altama Datsun v. Monarch Ins. Co.*, 253 Ga. 317, 318 (319 SE2d 445) (1984), waiver and estoppel should be extended to instances in which the insurer pays a settlement in a prior action on similar issues. We do not agree. First, in *Prescott's* the Supreme Court held that the defense of noncoverage, while not ordinarily subject to the doctrines of waiver and estoppel, "may be subject to the doctrine[s] where the insurer, *without reserving its rights*, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage, [cits.]." (Emphasis supplied.) Id. at 318. This limited exception is not applicable in the case at bar because appellee adequately reserved its rights to assert noncoverage. See id. at 318-319. Second, we decline to extend the doc-

trine to a lawsuit filed five years after the suit alleged as the basis for estoppel and involving a completely unrelated occurrence. See generally *Browder v. Aetna Life Ins. Co.*, 126 Ga. App. 140, 142 (190 SE2d 110) (1972) ("the fact that ten years previously the insurance company had paid a similar claim where the [notice provisions of the policy were not followed] . . . cannot be relied upon as a blanket waiver of written notice in all future claims"); *Globe &c. Ins. Co. v. Atlantic &c. Shipping Co.*, 51 Ga. App. 904 (2) (181 SE 310) (1935) (insurer's payment of one claim did not estop it from asserting that another claim arising from the same occurrence was not covered by the policy). "The law favors the settlement of claims without litigation, and courts should not favor rules which would penalize and punish, and place a premium on the action of an insurance company in settling a claim under a policy." *Globe*, supra at 908. There being no basis for finding waiver and estoppel of appellee's right to deny coverage in the Alabama suit, we affirm the grant of summary judgment to appellee. See *Prescott's*, supra at 319.

2. Because of our ruling in Division 1, we also hold that the trial court properly denied appellant's motion for summary judgment on the issue of waiver and estoppel.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1990 —
REHEARING DENIED FEBRUARY 14, 1990 —

*Parker, Johnson, Cook & Dunlevie, Kirk W. Watkins, Everett W. Gee III*, for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Robin L. Peek*, for appellee.