A97A0091. ANDREWS et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(487 SE2d 3)

Judge Harold R. Banke.

South Carolina Farm Bureau Mutual Insurance Company ("SCFB") appeals the judgment awarded to Georgia Farm Bureau Mutual Insurance Company ("GFB") in its declaratory judgment action.

The record reveals the following facts. While Glenda Andrews, GFB's insured, was visiting a friend in South Carolina, her friend's brother, Worley Johnny Owens, took her vehicle without her knowledge or permission. Several hours later, the police contacted her and reported that Owens and her truck had been involved in an accident involving Barbara P. Thomas, SCFB's insured. Andrews then informed police that her truck had been stolen.

That same day, when Andrews promptly notified GFB about the collision, she also informed GFB that her vehicle had been stolen. Following SCFB's payment to Thomas for property damage under the collision coverage provision of her policy, SCFB demanded and received reimbursement from GFB, Andrews' insurer, under its right of subrogation.

After SCFB made payment to Barbara Thomas and after GFB's reimbursement to SCFB, Thomas filed a personal injury action in South Carolina against Owens and Andrews. SCFB intervened as Thomas' uninsured/underinsured motorist carrier. Subsequently, GFB notified Andrews and Owens that it would raise a potential defense of non-coverage and later obtained a non-waiver agreement from Andrews.

GFB filed the underlying declaratory judgment action seeking to have the trial court declare it had no liability or duty to defend any party involved in the collision under the terms of Andrews' policy. SCFB intervened and argued that GFB had waived its non-coverage defense and that SCFB sustained prejudice due to GFB's payment of the property claim.

The trial court concluded that because the policy at issue with GFB contained a non-permissive use exclusion, Andrews had no coverage. It further determined that the doctrine of implied waiver and estoppel based on GFB's conduct could not be used to enlarge the insurance policy coverage. *Held*:

The sole issue on appeal is whether the trial court erred in find-

ing as a matter of law that GFB's payment of the property damage portion of the claim did not constitute a waiver of GFB's asserted non-coverage defense.

It is undisputed that under the express contract terms, GFB had no responsibility for coverage of non-permissive use. *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265, 266 (1) (444 SE2d 378) (1994). SCFB contends that GFB's act of paying the subrogation claim created a waiver of the non-permissive use exclusion in Andrews' policy and estopped GFB from asserting that exclusion as a defense to coverage.

The longstanding general rule is that neither waiver nor estoppel can be used to create liability not created by an insurance contract and not assumed by the insurer under the terms of the policy. *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431, 432 (2) (288 SE2d 343) (1982). Despite this rule, SCFB asserts that the exception articulated in *Prescott's Altama Datsun v. Monarch Ins. Co.*, 253 Ga. 317, 318 (319 SE2d 445) (1984) negated the exclusion for non-permissive use. We disagree. Although in *Prescott's Altama Datsun*, the Supreme Court of Georgia held that a liability insurer by its conduct might waive its defense of non-coverage, this is not such a situation because GFB did not undertake a defense of its insured without reserving its rights. See id. Compare *Barwick v. Gen. American Life Ins. Co.*, 172 Ga. App. 843 (324 SE2d 758) (1984) (insurer may waive policy condition or limitation). Here, the only action GFB took was to pay SCFB's subrogation demand. As soon as GFB learned that Andrews and Owens were defendants in a lawsuit, it duly notified both of them that it was reserving its rights under Andrews' policy. See *Cincinnati Ins. Co. v. Mullinax*, 215 Ga. App. 331, 333 (2) (450 SE2d 336) (1994) (payment of property damage benefits to its insureds did not waive insurer's right to rely on policy exclusion). Notwithstanding SCFB's argument to the contrary, paying a subrogation demand to an insurer and undertaking or assuming the defense of a suit on behalf of an insured are fundamentally distinguishable acts. See *Southeastern Color &c. v. Graphic Arts &c. Ins. Co.*, 164 Ga. App. 70, 72-73 (2) (296 SE2d 378) (1982).

Nor does *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863 (303 SE2d 43) (1983) demand a different result. Waiver of a policy condition as to residency is not analogous to rewriting a policy to create contradictory terms. Id. at 867 (1). To hold otherwise would result in redrafting Andrews' policy to include a risk specifically excluded by mutual agreement. See id. Compare *Southeastern Fidelity Ins. Co. v. Timmons*, 172 Ga. App. 366 (323 SE2d 183) (1984). Plainly, Andrews had no right to expect coverage because the policy's express language foreclosed coverage.

Inasmuch as the record fails to show that GFB assumed and con-

ducted a defense on Andrews' behalf without reserving its rights and, in fact, indicates the contrary, SCFB's waiver and estoppel argument must fail. See *Prescott's Altama Datsun*, 253 Ga. at 318; *State Farm &c. Ins. Co. v. Wright*, 137 Ga. App. 819, 821 (224 SE2d 796) (1976). Accordingly, the trial court did not err in determining that GFB was entitled to prevail as a matter of law.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 16, 1997 —
RECONSIDERATION DENIED MAY 1, 1997 — 
 Before Judge Bryant.

*McLeod, Benton, Begnaud & Marshall, Malcolm C. McArthur, Michael C. Pruett*, for appellants.

*McClure, Ramsay & Dickerson, John A. Dickerson*, for appellee.