A97A1396. CANAL INDEMNITY COMPANY v. CHASTAIN.
(491 SE2d 474)

Judge Harold R. Banke.

Leslie Chastain sustained injuries in an automobile collision with a pickup truck driven by Garrett Francis McLaughlin. Chastain

initially sued McLaughlin, alleging that McLaughlin's employer, Gibbo Enterprises, Inc. d/b/a Northside Used Cars ("Gibbo"), owned the truck and had given him express permission to use it. In this suit, Chastain did not name Gibbo or its insurer, Canal Indemnity Company ("Canal") as parties.[1] Although Chastain sent Canal a copy of the complaint by certified mail, McLaughlin never sought Canal's assistance in his defense. See OCGA § 33-7-15 (c). After McLaughlin failed to answer the complaint, Chastain obtained a default judgment in the amount of $13,266.17, which included $794.17 in medical expenses, $2,382 for pain and suffering and $10,000 in punitive damages.

Chastain then commenced the instant case solely against Canal, alleging that because all her allegations against McLaughlin were admitted by default, Canal was obligated to satisfy the judgment. Both Chastain and Canal moved for summary judgment. Chastain characterized her claim as a direct action against a tortfeasor's liability insurer to collect a judgment. See *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625) (1991). Canal claimed that because its policyholder, Gibbo, sold the vehicle to McLaughlin three days before the accident, McLaughlin was not covered under the policy. It presented a bill of sale of the truck to McLaughlin dated three days before the collision and deposition testimony about the sale from Gibbo's former vice president. Chastain then presented McLaughlin's affidavit, attesting that the bill of sale and accompanying paperwork were forgeries and he never bought the truck at issue, but was driving it with express permission.

The trial court granted Chastain's motion for summary judgment and denied Canal's, finding that Chastain's judgment against McLaughlin estopped Canal from raising the coverage issue. The trial court further held Canal's failure to defend McLaughlin in the prior action foreclosed it from asserting any defenses in the instant case. Canal's sole enumeration of error challenges the order granting summary judgment. *Held*:

An insurer's duty to defend turns on the language of the insurance contract and the allegations in the complaint asserted against the insured. *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11, 14 (2) (476 SE2d 797) (1996); *Loftin v. United States Fire Ins. Co.*, 106 Ga. App. 287, 302 (127 SE2d 53) (1962) (duty to defend does not extend to suits outside coverage). Because the policy at issue is not a part of the record below, the trial court could not consider its terms, conditions, and coverage. Inasmuch as Chastain sought coverage under that policy, she bore the burden of including it in the record. OCGA

---

[1] Gibbo declared bankruptcy after the cause of action arose.

§ 24-4-1. In the absence of evidentiary support for its conclusion that Canal had a duty to defend McLaughlin, the trial court lacked a basis for granting summary judgment. *Gentile v. Bower*, 222 Ga. App. 736 (477 SE2d 130) (1996) (summary judgments are reviewed de novo).

In disposing of this case, the trial court assumed without benefit of the contract that Canal's policy covered McLaughlin. Compare *Ga. Farm &c. Co. v. Martin*, 209 Ga. App. 237, 240 (4) (433 SE2d 315) (1993), rev'd on other grounds, 264 Ga. 347 (444 SE2d 739) (1994). In reaching this conclusion, the trial court apparently relied heavily on Canal's failure to file a declaratory judgment action after commencement of the action against McLaughlin. However, we question whether the issue was ripe for judicial determination at that point when the complaint failed to mention insurance, the policyholder was not a named party, no demand for payment under Gibbo's policy was made, and Canal had not denied the claim. *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482, 485 (1) (484 SE2d 302) (1997); see *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992).

Nor can the issue of whether Canal was barred from litigating its defenses to coverage be determined from the record before us. "The longstanding general rule is that neither waiver nor estoppel can be used to create liability not created by an insurance contract and not assumed by the insurer under the terms of the policy." *Andrews v. Ga. Farm &c. Ins. Co.*, 226 Ga. App. 316, 317 (487 SE2d 3) (1997); see Annot., "Doctrine of Estoppel or Waiver as Available to Bring Within Coverage of Insurance Policy Risks Not Covered by its Terms," 1 ALR3d 1139, 1144, § 2. Undoubtedly, the entry of the default judgment against McLaughlin would operate as an admission to the definite and certain allegations in the complaint, if Canal was McLaughlin's privy. *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (a), (b) (477 SE2d 360) (1996); see *Public Nat. Ins. Co. v. Wheat*, 100 Ga. App. 695, 701 (5) (112 SE2d 194) (1959) (insurer that elects not to defend its insured is bound in subsequent action by all issues previously litigated). But in the absence of a copy of the policy, we cannot determine whether there was privity of contract between McLaughlin and Canal or whether McLaughlin fit within the parameters of coverage. *Davis v. Nat. Indemnity Co.*, 135 Ga. App. 793, 795 (2) (219 SE2d 32) (1975); see *Walker*, 223 Ga. App. at 195 (1) (b) (insurer has privity).

Further, in order to preclude relitigation, an "issue must also have been *essential* to the prior judgment." (Emphasis in original.) *Walker*, 223 Ga. App. at 195 (1) (c); see Jenkins & Miller, Ga. Auto. Ins. Law (1994 ed.), § 14-2 (2) (insurer's denial of coverage and refusal to defend leave policy defenses open for future litigation). From the face of the pleadings, it appears that the only allegations essential to the previous action were McLaughlin's negligence, causa-

tion, and the amount of damages. The complaint in the initial action did not name Canal or Gibbo as parties or allege that McLaughlin was Canal's insured.[2] Nor did it aver that Gibbo's policy contained a permissive use clause or that the vehicle at issue was covered by the policy. In fact, as noted, Chastain's complaint never mentioned an insurance policy or insurance coverage.[3] *Walker,* 223 Ga. App. at 195 (1) (a) (facts not well pleaded and forced inferences are not admitted by a default judgment). While these issues remain unresolved, we cannot say that Chastain was entitled to summary judgment as a matter of law.

*Mahone v. State Farm &c. Co.,* 188 Ga. App. 664 (373 SE2d 809) (1988) is distinguishable because the policy in that case was included in the record, enabling the court to analyze the parameters of coverage. That case turned in part on the fact that the policy did not specifically provide for coverage in the event of a transfer of ownership of the insured vehicle. *Mahone,* 188 Ga. App. at 666. Here, in the policy's absence, we must reverse and remand for further fact finding.[4]

*Judgment reversed and case remanded. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 26, 1997.

*Crim & Bassler, Terence D. Williams,* for appellant.
*Brack & Westee, Philip L. Westee,* for appellee.

---

[2] In the policy's absence, we cannot ascertain whether Chastain could have properly named Canal as a party in the initial action. *Bacon,* 198 Ga. App. at 436 (when the policy permits, the injured party may join the tortfeasor's insurer along with its insured in a direct action); Jenkins & Miller, Ga. Auto. Ins. Law, supra at § 6-1.

[3] Nor is there evidence that McLaughlin sought assistance in its defense or cooperated in his defense. OCGA § 33-7-15 (a); but see *Starnes v. Cotton States Mut. Ins. Co.,* 194 Ga. App. 320, 322 (2) (390 SE2d 419) (1990).

[4] *Martin* provides no binding authority, but it too is distinguishable. *Ga. Farm Bureau &c. Co. v. Martin,* 214 Ga. App. 353 (448 SE2d 90) (1994). Although the policyholder was a party to the initial action and the insurer actively provided a defense on his behalf, in the injured party's subsequent direct action against the insurer, the insurer argued that no coverage was available due to the lack of proper notice of the underlying action. The conclusion that the insurer waived its opportunity to litigate whether the tortfeasor was a permissive user turned on a rejection of that assertion. *Martin,* 209 Ga. App. at 240 (4).