[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12206
Non-Argument Calendar

_____

D. C. Docket No. 06-00154-CV-WLS-1

H. PACE BURT, JR.,

Plaintiff-Appellant,

versus

GREAT NORTHERN INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 21, 2008)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

H. Pace Burt, Jr. appeals the summary judgment in favor of Great Northern

Insurance Company and against Burt's complaint of bad faith. The district court concluded that Burt was not legally responsible for damages sought by Deborah and Michael Draper and was not covered under the homeowner policy issued by Great Northern Insurance. We affirm.

## I. BACKGROUND

Burt and Mark Harris agreed to purchase, renovate, and resell a house in Atlanta, Georgia. Burt did not make a personal investment in the venture. Burt and his family invested funds they had accumulated in several business accounts, including the Hotel Trust, a real estate investment entity, to purchase the house. The family businesses and Harris were to share any profit on the resale of the house. Harris was given a power of attorney that he used to purchase the house and make renovations.

Deborah and Michael Draper purchased the house. Harris transferred title to the Drapers as attorney-in-fact on behalf of Albany Lime & Cement Company, the Burt Company, Burt Development Company, H. Pace Burt, Jr. as Trustee of the Hotel Trust, and Hilliard P. Burt. After the purchase, the Drapers discovered several construction defects and sued all the parties listed on the warranty deed, including Burt in his capacity as Trustee of the Hotel Trust.

Burt submitted a claim to Great Northern Insurance and requested that the

2

company defend him in the lawsuit. Great Northern Insurance had issued a homeowners policy to Burt for his home at 702 River Chase Lane in Albany, Georgia. The policies provided liability coverage for "damages for which [Burt] [was] legally responsible."

In response to questions from Great Northern Insurance, Burt stated that he acted as Trustee of the Hotel Trust to invest in the purchase of the Atlanta house. Burt stated that he "derived no <u>income</u> from the sale of the property, however he received his small undivided interest from the proceeds of the sale." Burt also stated that the owners of the Hotel Trust had a "commercial general liability policy which covered all real estate they owned." The commercial insurer had "verbally agreed to provide a defense" for the Draper lawsuit pending its investigation.

Great Northern Insurance denied Burt coverage. The company determined that the damages sought by the Drapers were economic in nature and did not qualify as personal, bodily, or property damage as defined in Burt's homeowners policy. The company also determined that four exclusions listed in Burt's insurance policy precluded coverage: intentional acts; business pursuits, investment or other for-profit activities; the performance of or failure to perform professional services; and oral or written business contracts.

Burt, in his role as Trustee of the Hotel Trust, and the other defendants

3

settled the lawsuit and agreed to pay the Drapers damages of $250,000. Burt signed the settlement agreement in his capacity as Trustee of the Hotel Trust. The settlement was paid by the personal insurance carrier for Hilliard P. Burt Sr., Pace Burt, Inc., and Burt & Burt, P.A.

Burt filed a complaint in a Georgia court that alleged that Great Northern Insurance had refused, in bad faith, to defend and indemnify him. Burt sought reimbursement for $100,000 that he allegedly contributed to the settlement. Burt alleged that he agreed to divide equally any profits and losses with Harris and the family businesses and, after settlement of the lawsuit, borrowed $100,000 from Pace Burt, Inc. to reimburse the other investors.

Great Northern Insurance removed the action to federal court. After discovery, Great Northern Insurance moved for summary judgment. Great Northern Insurance argued that Burt did not incur personal liability from the Draper lawsuit and the policy excluded coverage for the incident.

The district court granted summary judgment in favor of Great Northern Insurance. The district court concluded that there was no genuine issue of material fact that Burt acted as Trustee for the Hotel Trust and, under a state statute, could not be held personally liable for the damages incurred by the Drapers. See Ga. Code Ann. § 53-12-199. Because the Great Northern policy restricted coverage to

4

incidents for which Burt was "legally responsible," the district court concluded that Great Northern Insurance did not act in bad faith by refusing to defend or reimburse Burt for the settlement.

## II. STANDARD OF REVIEW

We review a summary judgment <u>de novo</u> and view the evidence in the light most favorable to the nonmoving party. <u>Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.</u>, 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Under Georgia law, which the parties agree applies, the duty of an insurer to defend is different from the obligation to indemnify. <u>Pac. Employers Ins. Co. v. Cesnik</u>, 219 F.3d 1328, 1330 (11th Cir. 2000) (citing <u>Elan Pharm. Research Corp. v. Employers Ins. of Wausau</u>, 144 F.3d 1372, 1375 (11th Cir.1998)). Although an insurer need not indemnify the insured for a liability he incurs outside the terms of the policy, an insurer must provide a defense for a liability that might fall within the policy. <u>Id.</u> The duty to defend "turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." <u>City of Atlanta v. St. Paul Fire & Marine Ins. Co.</u>, 231 Ga. App. 206, 207, 498 S.E.2d 782, 784

5

(1998) (citing Canal Indem. Co. v. Chastain, 228 Ga. App. 255, 256, 491 S.E.2d 474, 475 (1997)). If the complaint does not assert a claim covered by the insurance policy, the insurer may refuse to defend the insured. Id. (citing Leader Nat. Ins. Co. v. Smith, 177 Ga. App. 267, 274, 339 S.E.2d 321, 327 (1985)).

Great Northern Insurance did not have a duty to defend Burt. Great Northern Insurance issued to Burt a homeowners policy with coverage for incidents for which he was "legally responsible." The complaint filed by the Drapers named Burt as a defendant in his role as Trustee for the Hotel Trust; the Drapers never even attempted to hold Burt personally liable for their loss. Under state law, Burt did not become liable as a trustee unless he dealt with the Drapers in a personal capacity. See Ga. Code Ann. § 53-12-199 (a trustee is not personally liable unless the trustee "expresses an intention to be personally bound" by a warrant made to convey property or "fails to reveal [his] representative capacity" in a contract, and is completely protected against actions brought against the trust). The real estate was conveyed to the Drapers by Harris acting as attorney-in-fact for Burt in his role as Trustee for the Hotel Trust, and Burt does not allege he had any interaction with the Drapers that would create any personal liability under state law. Because Great Northern Insurance never had a duty to defend Burt, it could not have a duty to reimburse Burt for the settlement he allegedly paid.

6

## IV. CONCLUSION

The summary judgment in favor of Great Northern Insurance is

**AFFIRMED**.